Case 73.—FORCIBLE DETAINER PROCEEDINGS BY R. A. & H. G. GARDNER AGAINST WILLIAM ALEXANDER.— Oct. 16.

### Alexander v. Gardner, &c.

Appeal from Magoffin Circuit Court.

J. J. C. BACH, Special Judge.

Judgment for Plaintiffs. Defendant appeals. Affirmed.

1.  Landlord and Tenant—How Created—The reservation of rent is not essential to create the relation of landlord and tenant. Where the owner of land gives another the right to enter upon his premises for a specified purpose, in subordination to the title of the owner, for a valuable consideration, or even without the payment of any consideration, the relation of landlord and tenant is created.
2.  Forcible Detainer—What Constitutes—A written contract conveying to the grantee all the timber and trees on a tract of land, with the right to erect tramways, cabins, buildings and machinery necessary for the removal of timber, for three years, creates the relation of landlord and tenant authorizing the issual of a warrant for forcible detainer at the end of the term.

D. D. SUBLETT for appellant.

The Appellees writ of forcible detainer, should have been dismissed, as Alexander entered under a verbal or parol contract,

and so occupied the buildings for three years. See 10th Ky. Reporter, Page 547. The relation of landlord and tenant did not exists between the Appellee and Appellants, no rent was to be paid or provided for or secured to be paid, in any form whatever. (Goldsberry v. Bishop, 1st Duvall, page 143.)

It does not appear by the warrant that the travessor was in the possession of the land or house, or lot named in the action. And the writ and proof are surely defective, see Code Sec. 452.

A. F. BYRD, for appellees.

Our contention ia thst where one took possession of a tract of land under contract with the owner, with the right to cut and remove certain timber therefrom for the term of three years, he thereby became the tenant of the owner of the land, who at the end of the term had the right to remove the occupant by a writ of forcible detainer. (Gray v. Oyler, 2 Bush, 256; Thomas v. Crout, 5 Bush, 37.)

OPINION BY JOHN D. CARROLL—Commissioner, Affirming.

In 1901 the appellees sold and conveyed to appellant by deed duly acknowledged all the timber and trees on a tract of land described in the conveyance— the deed providing that the grantee should have all the rights of way and privileges over and upon the land usually extended to lumbermen including the right to erect tramways, cabins, buildings, and machinery necessary for the manufacture and removal of timber; and provided that the timber was to be removed within three years form May 1, 1901, and that all refuse, timber, barns, houses, cabins, sheds, erected on the premises by the second party (appellant) and remaining in the premises should revert and become the property of the present owners (appellees). On the 16th day of May, 1904, appellees procured a warrant of forcible detainer against the appellant, to recover the possession of the leased premises, and the only question to be determined on this appeal is whether or not a warrant of forcible detainer is the proper remedy in a case like this. Code, § 452, defies a forcible entry as "the refusal of a tenant to

give possession to his landlord after the expiration of his term''; and it has been held that to maintain the writ of forcible detainer the relationship of landlord and tenant must exist, and that the reservation of rent in some form, and allegiance to the title are the distinguishing characteristics of a contract by which the relation of landlord and tenant exist. Goldsberry v. Bishop, 2, Duv. 143; Cuyler v. Estis, 64 S. W., 673, 23 Ky. Law Rep. 1063.

The first question to be determined is, did the relation of landlord and tenant exist in any degree between these parties by virtue of the contract or conveyance referred to. A tenant has been defined to be one who occupies the lands or premises of another in subordination to that other's title, and with his assent express of implied. Wood on Landlord & Tenant, § 1, Taylor on Landlord & Tenant, § 14. No particular form of words is necessary to create the relation, nor does the length of the term or the amount of the compensation paid affect the question. Under the contract in this case, the appellant had the right to occupy the land for three years in consideration of a stipulated sum and the privilege of erecting buildings, putting machinery on the land, and making roads and tramways to enable him to enjoy the premises for the purpose for which they were granted. He was not given the right to use the land except in the manner pointed out in the contract, nor is the use of the soil essential to create the relation of landlord and tenant. If a tenant has the right to enter upon the premises granted for a specified purpose, and to this extent may enjoy them, and he does this in subordination to the title of the owner and with his assent, and, as a consideration, pays money or other thing of value, or even without the payment of any consideration, the relation of landlord and tenant is created. The reservation of rent is not essential to create the relation, although it is a usual incident of tenancy.

It is insisted that this contract was a license, and not a lease, and it is often difficult to determine the difference between the two; but we think the difficulty in this case is removed by the terms of the contract itself. A license is defined to be: "An authority to do some act or a series of acts on the land of another without passing an estate in the land.   It amounts to nothing more than an excuse for the act which would otherwise be a trespass.   Being a personal privilege, it can be enjoyed only by the licensee. It is not assignable, so that an undertenant can claim the benefit of the license to the licensee."   Taylor on Landlord & Tenant, § 237; Wood on Landlord & Tenant, § 227; 18 Am. & Eng. Ency. of Law, 1127; Haywood v. Fulmer (Ind. Sup.) 32 N. E. 574, 18 L. R. A. 491.   Under the conveyance here involved, the grantee had the right to sell, convey, or assign the rights and privileges granted by the contract, and the right to the use for the purposes mentioned of all the land described therein, and at the expiration of the term was to surrender the premises; therefore the contract had all the elements of a lease, and the grantee was in effect a tenant of the grantor, and consequently upon the termination of the lease could be ejected by writ of forcible detainer.

The Judgment of the lower court is affirmed.