MAKI *v.* WILLIAM BONIFAS LUMBER CO.

1. WORKMEN'S COMPENSATION—INSURANCE—NOTICE OF TERMINATION
—PRESUMPTIONS.
    Fact that copy of notice of termination of insurance under work-
    men's compensation act was found in the files of the depart-
    ment of labor and industry *held*, not sufficient to raise pre-
    sumption that such notice was properly mailed and received
    by subcontractor employer, especially in view of latter's posi-
    tive testimony that he did not receive such notice (2 Comp.
    Laws 1929, § 8412).

2. EVIDENCE—PRESUMPTIONS.
    Presumptions disappear when the facts appear and cannot be
    weighed against evidence, no matter how contradictory the
    evidence may be; and facts appear when evidence is intro-
    duced from which they may be found.

3. WORKMEN'S COMPENSATION—INSURANCE—EFFECT OF FAILURE TO
GIVE NOTICE OF TERMINATION.
    Failure of department of labor and industry to give statutory
    notice and hearing to employer as to termination of insurance,
    leaves such employer subject to the provisions of the work-
    men's compensation act since employer's failure to keep in
    force insurance as there provided does not *ipso facto* revoke
    acceptance as an employer (2 Comp. Laws 1929, § 8412).

4. SAME—INSURANCE—REVOCATION OF ACCEPTANCE AS AN EMPLOYER
—SUBCONTRACTORS.
    In subcontractor's employee's proceeding before department of
    labor and industry to recover compensation for injuries from
    lumber company and its subcontractor, lumber company *held*,
    not liable, where subcontractor had agreed with it to become
    subject to the workmen's compensation act, his acceptance
    as an insured employer was approved by the department and
    such acceptance had not been revoked although he did fail to
    keep his insurance in effect (2 Comp. Laws 1929, § 8412).

Appeal from Department of Labor and Industry.
Submitted October 15, 1936. (Docket No. 115, Cal-
endar No. 39,150). Decided January 4, 1937.

Joe Maki presented his claim for compensation against William Bonifas Lumber Company, a corporation, and Jacob Mannie for accidental injuries sustained while in defendants' employ. From award to plaintiff against defendant lumber company, it appeals. Reversed.

*Leonard J. McManman,* for plaintiff.

*Ryall & Frost,* for defendant lumber company.

SHARPE, J. This is an appeal from the department of labor and industry. The defendant William Bonifas Lumber Company and defendant Jacob Mannie during the latter part of the year 1934 entered into a contract for the production of forest products and by agreement Mannie was to become subject to the provisions of the workmen's compensation act to the end that the lumber company was not to become liable for compensation to the employees of Mannie. In keeping with this agreement Mannie arranged for compensation insurance with the State accident fund which on December 20, 1934, filed its certificate with the department of labor and industry certifying that it had issued its policy of insurance to Mannie. Mannie's acceptance was approved by the department of labor and industry December 21, 1934, and he thereupon became subject to the provisions of the act.

Plaintiff was injured February 28, 1935, as the result of an accident while in the employ of defendant Mannie; he made an application for compensation for total disability at the rate of $11.64 per week from February 28, 1935, and hospital and doctor bills. The claim for compensation named both appellant lumber company and defendant Mannie as

parties defendant. It is claimed by appellee that on February 15, 1935, the insurer notified the department of the termination of its policy issued in favor of Mannie to become effective February 25, 1935; and that on February 15, 1935, a letter to Mannie was prepared upon the form issued by the department informing him of the termination of the insurance and that such termination would be effective February 25, 1935. On October 28, 1935, the deputy commissioner granted plaintiff compensation from February 28, 1935, to August 1, 1935, against defendant Mannie only. Plaintiff filed a claim for review and the department on May 4, 1936, modified the award granted by the deputy commissioner, holding that plaintiff was entitled to compensation for total disability from the William Bonifas Lumber Company from February 28, 1935, by virtue of 2 Comp. Laws 1929, § 8416, and until the further order of the department.

Defendant lumber company appeals and contends that the department erred in holding that the acceptance of defendant Mannie had been revoked; that plaintiff is entitled to receive compensation from appellant lumber company; and that the department erred in granting compensation beyond the period provided by the award of the deputy commissioner.

Section 8412, 2 Comp. Laws 1929, provides the methods by which the acceptance of an employer may be revoked and the one of particular interest in this cause is as follows:

"The acceptance of any employer, after due notice and hearing, may be revoked by the commission for a failure to keep in force insurance in cases where insurance is ordered or for a violation of any of the provisions of this act."

The evidence relating to the revocation in the case at bar is a copy of the following notice found in the files of the department:

"Lansing, Michigan,
Feb. 15, 1935.

To: Jacob Mannie, Bessemer, Michigan:

Re: Notice of termination of workmen's compensation insurance risk insured by State accident fund, Lansing, Michigan.

"Whereas, it appears by the records of the department of labor and industry that your acceptance of Act No. 10, Pub. Acts 1912 (1st Ex. Sess.), known as the workmen's compensation act was based upon the condition that you keep in force and effect insurance in a company authorized by law to insure risks under the act, and

"Whereas, it appears by the records of the department of labor and industry that notice of the termination of the policy has been filed with the department of labor and industry by the insurance company carrying your risk the effective date of such termination will be 2–25–35, and

"Whereas, it will be necessary for you, if you desire to continue subject to the act, to renew said insurance or procure other insurance, insuring liability under said act, for payments of benefits provided in the compensation law, and have the certificate for the same placed on file with this commission on or before the date heretofore mentioned, and

"Now therefore, you will please take notice that if the department of labor and industry does not receive notice of renewal from your insurance company and/or the filing of a new insurer's certificate on or before the aforementioned date, you will automatically be out from under the protection of this act.

"Dated: 15th day of February, 1935."

The only testimony relating to this matter is that of Mannie who testified that he received no such notice nor ever had any hearing. The department held, in effect, that having found a copy of the above letter in its files, the presumption arises that the original of the letter was actually mailed to Mannie, and having been mailed to Mannie the presumption is that he received it.

The record fails to show that certain business usages of the department were complied with in the mailing of the purported notice to Mannie. There is no evidence that the original of the notice was mailed to Mannie; and in our opinion the finding of a copy of the notice in the files of the department is not sufficient to raise the presumption that the notice was properly mailed and received by Mannie. This is especially true as there is positive testimony by Mannie that he did not receive any such notice. Moreover, we said in *Patt* v. *Dilley,* 273 Mich. 601,

"Presumptions disappear when the facts appear. The facts appear when the evidence is introduced from which the facts may be found. Presumptions cannot be weighed against evidence for they fade out in the light of evidence no matter how contradictory the evidence."

The failure of the department of labor and industry to give Mannie due notice and hearing as is prescribed by 2 Comp. Laws 1929, § 8412, presents a situation where, at the time of the accident to plaintiff, Mannie was still subject to the provisions of the compensation law. The failure of Mannie to keep in force insurance as is provided by this section does not *ipso facto* revoke his acceptance as an employer. It is merely a cause for revocation.

In view of the fact that the acceptance of Mannie has not been revoked, the award against the William Bonifas Lumber Company must be vacated. Appellant may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL and BUSH-NELL, JJ., concurred. TOY, J., took no part in this decision. POTTER, J., did not sit.