FLORIDA PUBLISHING COMPANY v. BERNARD LOURCEY, a Minor, by Next Friend.

193 So. 847
Division A
Opinion Filed February 16, 1940
Rehearing Denied March 6, 1940

*F. P. Fleming, Fleming, Hamilton, Diver & Jones* and *C. R. Scott,* for Plaintiff in Error;

*Frank T. Cannon* and *Paul Vetter,* for Defendant in Error.

TERRELL, C. J.—Plaintiff in error leased to A. P. Seig Newspaper Route 738 under a written lease agreement whereby Seig was required to purchase of Florida Publishing Company and deliver to its customers certain daily newspapers. Seig used an automobile to perform his part of the contract and while assisting him in this, Bernard Lourcey was thrown against a telephone pole and injured. In a common-law action against Florida Publishing Company, he secured a judgment for personal injuries and that judgment is here for review on writ of error.

Several questions are argued but they all turn on that of whether or not under his contract Seig was at the time of the accident an independent contractor or occupied a master-servant relation to the defendant. The making of the contract, its terms, and the fact of the injury are not disputed. The point of clevage is in the interpretation of the contract.

The contract in terms provides that Seig "shall at all times occupy the position of an independent contractor and control all ways, means, method of conveyance, and distribution relating to the proper performance and completion of the agreement. The corporation looks only to the party of the third part and said carrier to obtain the desired results as herein set out."

These provisions were ample to make Seig an independent contractor if they were not to all intents and purposes vitated by other provisions of the contract or the practice of the parties under it. Counsel for defendant in error contends that both the terms of the contract and the method of its execution deprived Seig of his independent contractor relation and that since that relation is in dispute, it became one for the jury to determine.

The parts of the contract relied on to deprive it of its independent carrier relation are the provisions with refer-

ence to its termination, promoting the circulation of the corporation's newspapers, the free distribution of sample copies and the retention of subscription lists from the carrier including the practice of the carrier in the performance of these provisions.

If any of these provisions were such as to hamper or deprive Seig of his free agency in the means and method of performing his part of the contract, they would deprive it of its independent contractor relation but on careful inspection, we do not think they do so. The provision with reference to termination can be exercised only in the event Seig fails to perform the conditions imposed on him. In the matter of promoting the circulation, he is required to do nothing inconsistent with his duties in performing the main contract and this is the case with reference to the other alleged inconsistent duties of which he complains.

We find nothing in any of these requirements or the practice under them to deprive the contract of its independent character. It was in every respect lawful and normally without danger to others and Seig was subject to the will of the corporation only as to results of his work and he was permitted to perform it according to his own methods. He could employ whom he pleased, fire them at his pleasure, and could not be questioned as to his method of performance or have his contract cancelled so long as he performed.

Having reached this conclusion, it follows that the judgment must be reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.