**RAYONIER, INCORPORATED, E. W. Cone and Ed Jackson, Appellants,**

v.

**James C. BRYAN and William L. Bryan, Appellees.**

**No. 16480.**

United States Court of Appeals
Fifth Circuit.

Nov. 18, 1957.

John S. Cox, Scott & Cox and Botts, Mahoney & Whitehead, Jacksonville, Fla., Greene, Ayres & Greene, Ocala, Fla., of counsel, for appellants.

Andrew G. Pattillo, Jr., William V. Chappell, Jr., Sturgis, Pattillo & Kynes, Chappell & Dunn, Ocala, Fla., for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Brought against W. L. Bounds, plaintiffs' grantee in a timber deed, and his assignee, Rayonier, Inc., and against E. W. Cone and Ed Jackson, as their servants or agents, the suit was for fire damages to timber and improvements on plaintiffs' lands.

The claim was that Ed Jackson, as agent or servant of E. W. Cone and of the other defendants, in the course of cutting the timber for them, negligently and unlawfully set out a fire and permitted it to grow and spread with resulting damage to plaintiffs.

All the defendants denied the allegations of fault, while Rayonier, denying those of agency, affirmatively alleged that the cutting of the timber was not done by it or its agents but by an independent pulpwood contractor for whose act or acts defendant was not liable.

On the issues thus joined, the cause was tried to a jury and, at the conclusion of the evidence,[1] which made up a

Charles R. Scott, G. W. Botts, Jacksonville, Fla., Willard Ayres, Ocala, Fla.,

1. The factual background of the case was as follows:

Plaintiffs were the owners of a tract of land in Marion County, Florida, which had been given them by their father, Dr. O. C. Bryan, who had negotiated a sale of the timber on the land to one W. L. Bounds, Bounds assigned the timber deed to Rayonier and, after cutting some pulpwood from the land, severed his connection with Rayonier, for which reason he was ultimately discharged of liability on the trial of the case.

Rayonier then arranged for the cutting of the remaining pulpwood on the land by National Pulpwood Corporation, which was not a party to the suit. National Pulpwood Corporation secured Cone, an independent contractor, to cut and remove the pulpwood on the lands of the plaintiffs for shipment to Rayonier. Jackson was one of the cutters in Cone's crew.

The plaintiffs were non-residents of the State of Florida, and they and their father, Dr. O. C. Bryan, who owned adjoining lands, had a man named Derrell Wilson as their agent in charge of the property as Dr. Bryan lived in Lakeland, Florida, and the plaintiffs lived in Philadelphia.

record of 350 pages, the district judge, granting Bound's motion and denying the motions of the other defendants, granted plaintiffs' motion and, the jury having assessed the damages, entered a judgment for plaintiffs accordingly.

Defendants Cone and Jackson and Rayonier, separately appealing from the judgment, are here presenting several questions for decision. Common to all the appeals are two questions. One of these is whether the claim, that the damage complained of resulted from the fire set by Jackson, presented a question of fact for the jury, and it was, therefore, error to instruct a verdict for plaintiffs. The other is whether it was error to permit the witness J. D. Bland to give his opinion as to the origin of the fire.

In addition to these questions, a separate question presented by Rayonier is, "Is the owner of timber on the land of another liable to the land owner for the negligent acts of an independent contractor in cutting and removing such timber?" While another presented by Cone and Jackson is whether the refusal of the district judge to permit them to raise the defense of contributory negligence and estoppel against the plaintiffs, based on the conversation between Cone and Wilson, was error.

We address ourselves to these questions in their turn, saying of the first that, assuming that there was no error in permitting the witness Bland to give an opinion on the controlling issues in the case, (1) whether the yellowjacket fire was extinguished, and (2) whether, if it was not, it was the source of the general burning, we think it quite clear that the evidence did not warrant the instructed verdict for plaintiff but required a submission of the issues to the jury. Cf. Swift & Co. v. Morgan, 5 Cir., 214 F.2d 115, 49 A.L.R.2d 924.

When, however, the question and answer of Bland [2] is seen, as it is, as an

On April 30, 1955, which was a Saturday, Cone was completing his cutting of pulpwood on plaintiffs' land. At about 4:30 in the afternoon Jackson, a negro pulpwood cutter, threw a match in a nest of yellowjackets, which he encountered while doing his cutting work, and started a small fire on the land. Jackson and his fellow negro employees proceeded to put out the fire with pine branches and then completed their cutting and loading work. Cone arrived on the scene at about five o'clock in the afternoon and held his crew at the scene of the yellowjackets' nest fire until nine o'clock that night, during which time he had water hauled in and trenched around the burned area to make certain that the fire which had been set by Jackson was extinguished. When Cone was satisfied that the fire was thoroughly extinguished, he drove out of the woods and at the gate leading into the lands of the plaintiffs he met the plaintiffs' agent, Derrell Wilson, and advised him that a fire had been started but had been extinguished and asked Wilson if he wished to go back with him to the scene of the fire to make certain that it was completely extinguished. Wilson replied that he did not care to do so and that he had been trying to get the owners of the land to burn it off for several years. Cone then left the premises with his crew.

On the morning of the following day, Sunday, May 1, 1955, a forest fire was discovered by the Florida Forest Service on the lands of the plaintiffs or in the near vicinity thereof. This fire spread over a very large area and ultimately burned some 6500 acres.

While there was considerable testimony about the prevailing winds and the area covered by the fire, there was no direct evidence that the fire started by Jackson and purportedly extinguished by Cone had actually not been extinguished and had spread. To support plaintiffs' claim that the Jackson fire was the origin of the big burning, plaintiffs, over the objection of the defendants, offered the testimony of one J. D. Bland, an investigator for the Florida Forest Service, that on Friday, May 6th, having learned of the yellowjackets' nest fire set by Jackson, he found the scene of it and for the reasons given by him it was his opinion as an expert that this fire was the point of origin for the entire forest fire which had raged in the general area over the preceding six days.

2. Q: "State your opinion as to the source of cause of the forest fire that burned over these lands."

A: "Well, I am of the opinion that the fire escaped from this area, that Ed Jackson started to burn the yellowjackets' nest, and the fire started to spread, and

inadmissible invasion of the province of the jury in violation of horn book rule,[3] it is made even more clear that the case was one for determination by the jury and not by the district judge.

■■ Of Rayonier's contention that, since it had independently contracted the work of cutting the timber, it could not, under the general principles governing the liability of a principal for acts of an independent contractor,[4] be held liable for the acts of Jackson and Cone, we think it must be said that, unless the cutting of timber by a purchaser of timber and timber rights constitutes an exception to the rule, Rayonier has the right of it, and a verdict should have been instructed for it.

Appellees, in effect conceding that this is so, strongly urge upon us that in principle and upon authority, the relation here existing creates such an exception. Citing cases[5] in support, and relying particularly on Fair Lumber Co. v. Weems, 196 Miss. 201, 16 So.2d 770, 151 A.L.R. 631, they urge upon us: that the relation between plaintiffs and the defendant Rayonier was analogous to, or was, that of landlord and tenant; that the effect of the agreement giving Rayonier the right of entry upon the property to cut the timber was to impose upon it, in going upon the land and cutting the timber, or permitting others to do so on its behalf a non-delegable duty to exercise due care not to inflict any unnecessary damage upon the grantor's property; and that it was therefore not error to refuse Rayonier's request for a directed verdict.

No Florida case is cited to us, we have found none, dealing with this precise question. It, therefore, becomes our duty to decide this case as we think the Florida courts would decide it. Since, therefore, we are inclined to the view that the principle laid down and applied in the Fair Lumber Co. case was correctly stated and as correctly applied, and nothing in the Florida cases leads us to believe that the Florida courts would adopt a contrary rule, we are prepared to, and do, hold that in the present state of the Florida law, as we understand it to be, the defense of independent contractor cannot be maintained and that the motion of Rayonier for a directed verdict on that ground was correctly denied.

■ We turn finally to appellant Cone's separate question, whether the court correctly excluded from consideration the issue of estoppel or contributory negligence which it raised by the testimony of conversations, had with Derrell Wilson, plaintiffs' agent, with regard to the setting of the fire and its apparent extinguishment, to say that this testimony did present an issue of fact which the defendants were, and on another trial will be, entitled to have submitted to the jury.

The judgment is Reversed and the cause is Remanded for further and not inconsistent proceedings.

he failed to do a thorough job, and the fire later escaped from this particular area."

3. 20 Am.Jur. "Evidence", Sec. 765, p. 635. The Florida Decisions are to the same effect, Atlantic Coast Line R. Co. v. Shouse, 83 Fla. 156, 91 So. 90; Sawyer v. State, 100 Fla. 1603, 132 So. 188. Cf. Miller v. Great American Ins. Co., Mo.App., 61 S.W.2d 205 and Cameron Compress Co. v. Jacobs, Tex.Civ.App., 10 S.W.2d 1040.

4. 27 Am.Jur., "Independent Contractors", Sec. 27; 22 Am.Jur., "Fires", Sec. 8;

Miami Herald Pub. Co. v. Kendall, Fla., 88 So.2d 276; Florida Pub. Co. v. Lourcey, 141 Fla. 767, 193 So. 847; Douglas v. Railway Express Agency, Fla., 75 So. 2d 802; together with Cary v. Thomas, 345 Mich. 616, 76 N.W.2d 817, at page 824.

5. Fair Lumber Co. v. Weems, 196 Miss. 201, 16 So.2d 770, 151 A.L.R. 631; Minnetonka Oil Co. v. Haviland, 55 Okl. 43, 155 P. 217; 34 Am.Jur. "Logs and Timber", Sec. 16, p. 501; and Alexander v. Gardner, 123 Ky. 552, 96 S.W. 818.