ERVIN, Judge.
In this workers’ compensation appeal, claimant Parker assails an order denying her certain compensation benefits. We affirm in part, reverse in part, and remand for additional findings.
Claimant first asserts that the judge of compensation claims (JCC) erred in ruling that her concurrent income as a newspaper delivery person could not be included in computing her average weekly wage (AWW) on the ground that she was an independent contractor in that occupation. We disagree with appellant. There is competent, substantial evidence (CSE) in the record supporting the JCC’s determination that claimant was employed as an independent contractor by the newspaper and, as a consequence, no concurrent earnings from that employment should be included in her AWW. See Miami Herald Publishing Co. v. Kendall, 88 So.2d 276 (Fla.1956); Florida Publishing Co. v. Lourcey, 141 Fla. 767, 193 So. 847 (1940); Edwards v. Caulfield, 560 So.2d 364 (Fla. 1st DCA 1990).
We also cannot accept appellant’s argument that the JCC erred in' failing to rule on her claim until seven months after the final hearing. Although Section 440.-25(3)(b), Florida Statutes (1987), provides that the JCC should determine the dispute within 30 days following the hearing, this language has been interpreted as directory only. Scottie-Craft Boat Cory. v. Smith, 336 So.2d 1150, 1151 (Fla.1976). Thus, reversal for a de novo hearing is ordinarily required only if the factual findings in the order were primarily dependent on the superior vantage point of the trier of fact, for example, when an issue is determined solely on a claimant’s credibility. See Rappo- *1024 port v. American Hosp., 406 So.2d 1244, 1245 (Fla. 1st DCA 1981), review denied, 413 So.2d 875 (Fla.1982). In the instant case, while the JCC relied in part upon a determination that claimant’s testimony was not credible, her conclusions were also based on other evidence, including deposition testimony of other witnesses and documentary exhibits. Under the circumstances, we do not agree that a de novo hearing is required.
We next consider the appellant’s remaining two issues jointly in that we regard them as inextricably interconnected. Claimant argues that the JCC's order is inherently contradictory in that it finds she reached maximum medical improvement (MMI) with no permanent impairment (PI), but also reserves jurisdiction on the issue of restrictions arising from her compensa-ble right knee injury, and, as such, the order frustrates appellate review and constitutes a failure to rule on a ripe issue. Finally, claimant contends that there was no CSE to support that portion of the JCC’s order denying the claim for temporary total disability (TTD) or temporary partial disability (TPD) or wage loss (WL) benefits from November 26, 1988 (the date that claimant terminated her employment with the E/C) to the date of the hearing (May 29, 1989), which was based upon a finding that claimant had voluntarily limited her income. Because, as discussed infra, the issue of whether claimant voluntarily limited her income does not become relevant unless the JCC finds it necessary on remand to revisit her prior determination that claimant is MMI with no PI, the latter issue is necessarily dependent upon a resolution favorable to appellant as to the former.
In her final order, the JCC accepted the opinion testimony of Dr. Chalal, an orthopedic surgeon and claimant’s primary treating physician, who stated that claimant had reached MMI with no PI rating as of April 14,1989, as to an industrial injury to claimant’s right knee suffered on June 5, 1988. Yet, in the decretal portion of the order, the JCC reserved jurisdiction on a separate claim for vocational rehabilitation until a functional capacity evaluation could be performed for the purpose of ascertaining whether claimant had sustained any restrictions from the injury. We agree with appellant that the JCC’s decision that a functional capacity evaluation be performed for the purpose of determining whether the claimant has any restrictions is facially inconsistent with her earlier determination that the claimant had reached MMI with no PI and no physical restrictions. See Jackson v. Publix Supermarkets, Inc., 520 So.2d 50, 51 (Fla. 1st DCA 1987) (imposition of medical restrictions that are not temporary in nature is inconsistent with a finding of no PI).
Because of the inconsistency in the order, this case requires remand for additional findings, once the JCC has received the functional capacity evaluation, directed to the question of whether claimant is in fact at MMI and, if so, whether she has suffered any PI which would impact upon her ability to work. For example, if the functional capacity evaluation confirms the opinion testimony of Dr. Chalal that the claimant had reached MMI with no PI and no physical restrictions, this would moot the claimant’s final issue, regarding the JCC’s finding that claimant voluntarily limited her income. However, if the functional capacity evaluation reveals that claimant’s restrictions are so great and that a need for medical treatment remains, it will be necessary for the JCC to re-determine whether the claimant is at MMI, that is, the date after which no further recovery or improvement from an injury can be reasonably anticipated. Hall v. Dade County Sch. Bd., 492 So.2d 768, 769 (Fla. 1st DCA 1986). Under those circumstances, the JCC may also be required to decide whether claimant’s temporary disability is so great that she should be excused from conducting a work search altogether. See Philpot v. City of Miami, 541 So.2d 680 (Fla. 1st DCA 1989).
On the other hand, if the test reveals that claimant is at MMI but with permanent restrictions which do not affect her ability to perform lighter duty work, or that she is not yet at MMI with limitations which do not preclude her from all kinds of employment, it must be resolved whether claimant voluntarily limited her income. Although our disposition of the case does not require a ruling as to whether claimant *1025 voluntarily limited her income, we do note that there is CSE in the record to support a finding that claimant voluntarily limited her income from November 26, 1988, when she left her employment, through April 3, 1989, when she commenced a work search.
The rule is firmly established, however, that a JCC’s determination that a claimant has voluntarily limited his or her income during a certain period of time does not perpetually foreclose a claimant’s right to disability benefits. Mathis v. Lewis Bear Co., 511 So.2d 663, 664 (Fla. 1st DCA 1987); City of Miami v. Simpson, 496 So.2d 899, 901 (Fla. 1st DCA 1986), review denied, 506 So.2d 1043 (Fla.1987). From April 3, 1989 through the date of the hearing (May 29, 1989), claimant did perform a work search. Under the circumstances, it was the JCC’s obligation to issue an order containing specific findings enabling this court to decide whether she had considered all factors pertinent to the claim for disability benefits, i.e., a good faith work search, age, education, physical condition, work history, etc. Grace v. Collier County Sch. Bd., 552 So.2d 961 (Fla. 1st DCA 1989). Because the order on review failed to include such findings, it impairs our ability to determine these critical issues and requires remand for additional findings in this regard.
On remand, the JCC is directed to determine, following receipt of the functional capacity evaluation, whether claimant has as yet achieved MMI, and, if so, her entitlement to permanent disability benefits. If claimant has not attained MMI, her entitlement to temporary disability benefits must be addressed. If claimant is deemed entitled to either permanent or temporary disability benefits, the JCC must next consider whether and for how long claimant voluntarily limited her income.
AFFIRMED in part, REVERSED in part, and REMANDED for further consistent findings.
KAHN and WEBSTER, JJ., concur.