336 So.2d 1152 (1976)
Oswald MILLER, Petitioner, Cross-Respondent,
v.
OOLITE INDUSTRIES, INC., et al., Respondents, Cross-Petitioners.
No. 47963.
Supreme Court of Florida.
July 30, 1976.
Rehearing Denied September 29, 1976.
*1153 Kevin R. O'Connell of Spencer & Taylor, Miami, for petitioner, cross-respondent.
R.E. Hodges and H. George Kagan of Miller & Hodges, Coral Gables, for respondents, cross-petitioners.
John G. Tomlinson, Jr., of Williams & Tomlinson, Coral Gables, W.L. Adams of Pyszka, Kessler, Adams & Solomon, Miami, Stephen Marc Slepin of Kaplan, Schwartz & Slepin, Miami, for amici curiae.
ROBERTS, Justice.
We have for review by petition for writ of certiorari an order of the Industrial Relations Commission reversing the order of the Judge of Industrial Claims on the sole basis that it was not entered within the thirty-day period specified in Section 440.25(3)(b), Florida Statutes.
Petitioner, claimant, fractured the distal phalanx of the left index finger in a compensable industrial accident on April 29, 1971, when his finger was caught between a belt and pulley while changing a belt on a stone crushing machine. Timely notice was given, and claim was filed for temporary total disability benefits from February 4, 1972, through December 18, 1972, permanent partial disability of the body as a whole, for a higher disability rating than the 21% disability, to the hand previously accepted by the employer-carrier, for payment of medical bills and attorney's fees. The employer-carrier defended on the grounds that the claimant was not temporarily disabled as a result of the accident, that disability was restricted solely to the index finger, that there had been an overpayment on permanent partial disability to the hand, that all benefits were timely and voluntarily paid and, therefore, claimant was not entitled to further benefits. The final hearing was concluded on April 3, 1973, with a deposition being received into evidence May 9, 1973. However, the Judge of Industrial Claims did not enter his order in the cause until December 17, 1974, in which order he found claimant to have sustained a 35% permanent partial disability to the left hand and a 10% permanent partial disability to the body as a whole, and awarded temporary total disability benefits from February 4, 1972, through December 18, 1972, attorney's fees and costs.
Respondent raised several points on appeal relative to the findings of the Judge of Industrial Claims, but the Industrial Relations Commission concluding that it was unnecessary under the circumstances to deal with these issues in view of the meritorious claim by respondent as to the inordinate delay of the Judge of Industrial Claims in entering the order, reversed and remanded the cause to the Judge of Industrial Claims for trial de novo as required on the basis of its earlier decision  Scottie-Craft v. Smith, Fla., 336 So.2d 1150, here under review as well. Once again the Industrial Relations Commission expressed its understanding that the language of Florida Statute 440.25(3)(b) is mandatory  the Judge of Industrial Claims shall enter his order before expiration of 30 days from the date of last hearing.
We cannot agree with the Industrial Relations Commission that the subject statutory provision, which provides:
"... The hearing shall be conducted by a judge of industrial claims, who shall within thirty days, unless otherwise agreed to by the parties, after such hearing determine the dispute in a summary manner."
is mandatory and divest the Judge of Industrial Claims of jurisdiction.
We find that the language of the statute is directory only. In Jarvis v. Miami Retreat Foundation, 128 So.2d 393 (Fla. 1961),[1] wherein petitioner complained that the deputy had made his decision in the cause eight months after testimony was taken, this Court stated, "However, it is presumed that *1154 the deputy did render his order on the facts reflected in the transcript. This order specifically states that he did so. We have reviewed the record and found it sufficient to sustain the order. In view of this, we find no merit to the petitioner's contention on this point."
Accordingly, certiorari is hereby granted, the decision of the Industrial Relations Commission is quashed and the cause is remanded for prompt disposition of the other questions raised on application for review.
It is so ordered.
OVERTON, C.J., and ADKINS and BOYD, JJ., concur.
ENGLAND, J., concurs with an opinion, with which OVERTON, C.J., and ADKINS, J., concur.
ENGLAND, Justice (concurring).
I concur for the reasons I expressed in Scottie-Craft Boat Corp. v. Smith, Fla., 336 So.2d 1150, opinion filed simultaneously with this case. In this case, unlike the other, the parties had filed a record of the proceedings with the Commission, and a review of the parties' contentions, including the discretionary "staleness" issue arising from the delay between final hearing and order, can be promptly made.
OVERTON, C.J., and ADKINS, J., concur.
NOTES
[1] At which time, F.S. 440.25(3)(b) read in pertinent part: "... The hearing shall be conducted by a deputy commissioner, who shall within twenty days after such hearing determine the dispute in a summary manner."