336 So.2d 1150 (1976)
SCOTTIE-CRAFT BOAT CORPORATION and Federal Insurance Company, Petitioners, Cross-Respondents,
v.
Thomas SMITH and the Industrial Relations Commission, Respondents, Cross-Petitioners.
No. 47938.
Supreme Court of Florida.
July 30, 1976.
Rehearing Denied September 29, 1976.
H. Jack Miller and H. George Kagan of Miller & Hodges, Coral Gables, for petitioners, cross-respondents.
L. Barry Keyfetz of Ser & Keyfetz, Miami, for respondents, cross-petitioners.
John G. Tomlinson, Jr., of Williams & Tomlinson, Coral Gables, for amicus curiae.
W.L. Adams of Pyszka, Kessler, Adams & Solomon, Miami, for amicus curiae.
Stephen Marc Slepin of Kaplan, Schwartz & Slepin, Miami, for amicus curiae.
ROBERTS, Justice.
We have for review by petition for writ of certiorari an order of the Industrial Relations Commission reversing the order of the Judge of Industrial Claims on the sole basis that it was not entered within the thirty-day period specified in Section 440.25(3)(b), Florida Statutes.
Claimant was injured on January 26, 1971; hearings were held before the Judge of Industrial Claims November 29, 1973, April 10, 1974, and May 2, 1974; the Judge of Industrial Claims resigned his office to become involved in a campaign for elective office, which resignation was accepted; thereafter, various administrative orders were entered appointing said Judge of Industrial Claims as judge pro hac vice (each appointment ran for a period of 60 days), and a final appointment as judge pro hac vice was made by the Governor.
On review of the order of the Judge of Industrial Claims which was entered January 7, 1975, some 250 days after the final hearing in the cause, the Industrial Relations Commission found it unnecessary to review the contents of the Judge of Industrial Claims' order in light of the reversible procedural error it determined to exist. Confronted with the issue  "Where no order is entered for a period in excess of eight months from the conclusion of taking the testimony during which time the judge's efforts are directed toward campaigning or other non-case decision related matters should a new trial ensue in the interest of fairness, impartiality, appropriate decision making and the applicable statute," the Industrial Relations Commission held that Section 440.25(3)(b), Florida Statutes, means that the order of the Judge of Industrial *1151 Claims shall be entered before the expiration of thirty days from the date of the last hearing and, accordingly, the Industrial Relations Commission reversed the order of the Judge of Industrial Claims and remanded for further proceedings including such trial de novo as required. The Industrial Relations Commission determined that its disposition of the above question made it unnecessary to answer the other issue raised as to whether there was a lawful adjudication of the workmen's compensation claim in this matter by the Judge of Industrial Claims pro hac vice Capua pursuant to his January 7, 1975, order.
We cannot agree with the Industrial Relations Commission that the subject statutory provision, which provides:
"... The hearing shall be conducted by a judge of industrial claims, who shall within thirty days, unless otherwise agreed to by the parties, after such hearing determine the dispute in a summary manner."
is mandatory and divests the Judge of Industrial Claims of jurisdiction.
We find that the language of the statute is directory only. In Jarvis v. Miami Retreat Foundation, 128 So.2d 393 (Fla. 1961),[1] wherein petitioner complained that the deputy had made his decision in the cause eight months after testimony was taken, this Court stated, "However, it is presumed that the deputy did render his order on the facts reflected in the transcript. This order specifically states that he did so. We have reviewed the record and found it sufficient to sustain the order. In view of this, we find no merit to the petitioner's contention on this point."
Accordingly, certiorari is hereby granted, the decision of the Industrial Relations Commission is quashed and the cause is remanded for prompt disposition of the other questions raised on application for review.
It is so ordered.
OVERTON, C.J., and ADKINS and BOYD, JJ., concur.
ENGLAND, J., concurs with an opinion, with which OVERTON, C.J., and ADKINS, J., concur.
ENGLAND, Justice (concurring).
I concur in the Court's conclusion that the time period expressed in Section 440.25(3)(b) is directory rather than mandatory. I concur specially to clarify my view of our decision.
Nothing in the Court's decision today precludes the Commission, on remand, from exercising its discretion to order a new hearing on the claim in this case if appropriate grounds are found to exist. That is to say, we have held that the Commission erred in treating the 30 day provision of law as tantamount to being jurisdictional, which it is not,[1] but we have not precluded the agency's exercise of discretion in the area of "stale" orders. The Commission may, on remand, properly conclude that, in this case, the time delay between the final hearing and the order was so long, and the evidentiary basis for fact findings so dependent upon live testimony, witness demeanor or other hearing-level advantages, that the order cannot adequately be tested from the record alone, so that the interests of justice require a new hearing.
Two other matters in this case also warrant comment. First, I would note that the action of this Court in construing the term "shall" in Section 440.25(3)(b) as only directory would be troublesome to me if we were reviewing the Commission's first judgment on that issue. We are not, however. In an *1152 unbroken line of cases, the Commission has construed the statute as not being mandatory and has refused to require new trial for late orders.[2] Though the Commission has previously warned of its intention to vacate orders entered beyond the statutory time limit,[3] it has never before this case imposed a mandatory construction on the statute. In consequence of this history, we do no violence to statutory language, as authoritatively construed,[4] by now applying the construction this law has always received.
Second, the posture of this case was such that the Commission received no record transcript for its review. On remand, if it first determines that the Judge possessed legal authority to sit in judgment on this case, I assume the Commission will direct the parties to cure the record defect before attempting a review of the Judge's order. When that is done the Commission will be in the same position as this Court was in Jarvis, and the Commission will be in a position to provide the same type of review of the merits of the proceeding.
OVERTON, C.J., and ADKINS, J., concur.
NOTES
[1] At which time, F.S. 440.25(3)(b) read in pertinent part: "... The hearing shall be conducted by a deputy commissioner, who shall within twenty days after such hearing determine the dispute in a summary manner."
[1] The statute allows the parties to agree to an extension beyond the 30 day limit. Jurisdiction is not a matter which is within the control of the parties. Butler v. Allied Dairy Products, Inc., 151 So.2d 279 (Fla. 1963); Zamora v. Modern Metal Craftsmen, 3 Fla.Comp.Rep. 172, cert. denied, 106 So.2d 923 (Fla.3d DCA 1958).
[2] Potter v. Park Ave. Rest., 1 Fla.Comp.Rep. 164 (1955); Sickler v. Maule Ind., Inc., 2 Fla. Comp.Rep. 247, cert. denied, 97 So.2d 303 (Fla. 1957); Zamora v. Modern Metal Craftsmen, 3 Fla.Comp.Rep. 172, cert. denied, 106 So.2d 923 (Fla.3d DCA 1958); Jordan v. Food Fair Stores, Inc., 7 Fla.Comp.Rep. 306, cert. denied, 277 So.2d 536 (Fla. 1973). Cf., Highsmith v. Woodsen, IRC Order in Claim No. XXX-XX-XXXX (filed 7/9/74), cert. denied, 310 So.2d 741 (Fla. 1975).
[3] See Jordan, fn. 2 above.
[4] See Henderson v. Sol Walker & Co., 138 So.2d 323 (Fla. 1962), holding that the Commission's construction of the workmen's compensation laws is entitled to great weight.