HENDRY, Chief Judge.
This is an appeal from a final judgment denying appellant’s petition for writ of cer-tiorari. We affirm.
Appellant, Laszlo Hun, was a police officer employed by appellee, respondent below, Metropolitan Dade County. On November 15, 1974, appellant was dismissed by the Director of Public Safety for cause. An administrative appeal was thereupon filed by appellant culminating, on June 12, 1975, with the preparation of “Findings of Fact and Recommendations by the Hearing Examiner.”
As a result of certain demands having been made on the Hearing Examiner to be more specific, a second set of “Findings of Fact, Conclusions and Recommendations” were prepared by the Examiner and reviewed by the County Manager on or before October 14, 1975. These findings of fact were not acted upon by the County Manager until November 7, 1975, when appellant’s employment with the County was terminated.
Subsequently, appellant instituted certio-rari proceedings in the Circuit Court of Dade County, claiming, inter alia, that by virtue of Section 2-47 of the Code of Metropolitan Dade County, the County Manager was without jurisdiction to dismiss appellant. In pertinent part, Section 2-47 provides that:
“. . . The county manager shall reach his decision within fifteen (15) days from the receipt of the hearing examiner’s recommendations.” [Emphasis added.]
Sub judice, the decision of the county manager to terminate appellant’s employment was rendered some twenty-four (24) days after receipt of the hearing examiner’s findings, on November 7, 1975.
Certiorari was denied by the circuit court and appellant thereupon filed this appeal, urging reversal upon several substantive and procedural grounds. Having carefully reviewed all points raised by appellant, we find the following point deserving of discussion, to-wit: whether the fifteen (15) day requirement of Section 2-47 of the Code of Metropolitan Dade County is mandatory or merely directory.
In the companion cases of Scottie-Craft Boat Corporation v. Smith, 336 So.2d 1150 (Fla.1976) and Miller v. Oolite Industries, Inc., 336 So.2d 1152 (Fla.1976), the Florida Supreme Court construed the following language of Section 440.25(3)(b), Florida Statutes (1975):
“. . . The hearing shall be conducted by a judge of industrial claims, who shall within 30 days, unless otherwise agreed to by the parties, after such hearing determine the dispute in a summary manner.” [Emphasis added.]
The court concluded that the language of the statute was directory only, and not *171 mandatory, notwithstanding the use of the word “shall.” This holding was entirely consistent with an earlier ruling of the Supreme Court in the case of Schneider v. Gustafson Industries, Inc., 139 So.2d 423 (Fla.1962), wherein the court opined that:
“[Mandatory language has in a number of cases been construed as directory, dependent upon the history and subject matter of the particular provision, and as a general rule, statutes setting the time when a thing is to be done are regarded as merely directory, where no provision restraining the doing of it after that time is included and the act in question is not one upon which court jurisdiction depends.” Supra at 425.
Based upon the above principle, we hold that the “mandatory” language of Section 2-47 of the Code of Metropolitan Dade County is directory only. Therefore, the county manager was not divested of his jurisdiction to enter a final “decision” dismissing appellant from employment, notwithstanding the fact that said “decision” was reached more than fifteen (15) days after receipt of the hearing officer’s findings and recommendations.
Accordingly, the final judgment is hereby affirmed.
Affirmed.