406 So.2d 1244 (1981)
Cornelia RAPPOPORT, Appellant,
v.
AMERICAN HOSPITAL and Risk Corporation of Florida, Appellees.
No. ZZ-250.
District Court of Appeal of Florida, First District.
December 8, 1981.
Robert H. Gregory, Miami, for appellant.
David R. Howland of Ress, Gomez, Rosenberg & Howland, P.A., North Miami, for appellees.
PER CURIAM.
The appellant (claimant) was an LPN at the employer hospital. The claimant experienced some pain which she attributes to her lifting heavy patients. After hearing the claimant's testimony and considering somewhat contradictory histories given by the claimant to her physicians the Deputy Commissioner found no compensable accident.
Ordinarily such a finding, if supported by the record evidence, will not be upset on appeal. However in this case there was a 284 day interval between hearing and entry of an order. In a case like this, where the chief issue is the credibility of the claimant, we feel that the delay was excessive. We therefore reverse the order below and remand for a de novo hearing.
In doing so we are aware of the cases in which our Supreme Court has held the 30 *1245 day period of Florida Statutes § 440.25(3)(b) to be directory only. In Scottie-Craft Boat Corp. v. Smith, 336 So.2d 1150 (Fla. 1976), and in Miller v. Oolite Industries, Inc., 336 So.2d 1152 (Fla. 1976), the Supreme Court held that delays of 250 days and 18 months respectively did not require reversal. As noted in a special concurrence by Justice England to Scottie-Craft, joined by two of the four majority votes, those decisions left the IRC discretion to find some orders "stale." If the Commission found that the fact findings were dependent upon hearinglevel advantages, then it could remand for a new hearing in the interests of justice.
Here we have the same situation. The credibility of a witness is largely dependent upon her demeanor. It would be difficult for anyone to recall live testimony after seven months and in all probability the decision below was based upon the transcript. In our opinion the interests of justice require a new hearing. Accordingly, the order is vacated and the cause is remanded.
BOOTH, LARRY G. SMITH and SHIVERS, JJ., concur.