JOANOS, Judge.
In this workers’ compensation appeal the employer and carrier (E/C) contest the deputy commissioner’s findings in an order dated January 27, 1982, that claimant reached maximum medical improvement (MMI) on September 9, 1981, is entitled to temporary total disability (TTD) benefits for the periods from August 21, 1980, to December 4, 1980, and from December 4, 1980 to September 9, 1981, and that E/C must pay for an examination by Dr. Daniel J. Sprehe. We reverse in part, affirm in part, and remand.
Claimant was injured in a compensable accident on April 7, 1980. Her treating physician, Dr. Yamokoski, thought she would be able to return to light work by June 9, 1980, and return to full duty two weeks later. Dr. Pasach, to whom claimant was referred by the treating physician, saw claimant on May 16, 1980, and June 27, 1980, and in a letter dated July 80, 1980, said claimant could at least have returned to light duty as of June 27, 1980. An examining physician, Dr. Martinez, said claimant was able to return to work without producing further injury as of August 20,1980. He recommended light duty work without heavy lifting, bending, or straining. He did not think claimant was disabled. Initially, E/C paid TTD benefits through June 9, 1980.
As of the deputy commissioner’s order dated December 4,1980, there was no medical evidence that claimant had reached MMI. The deputy expressly made no finding as to MMI, but found, based on Dr. Martinez’s report, that claimant was capable of returning to gainful employment on August 20, 1980, but despite the lack of finding she had reached MMI, she was not entitled to temporary partial disability compensation from that date to December 4, 1980, due to an unsuccessful attempt to return to work. He found she had been unsuccessful “because of economic conditions rather than due to any physical limitations imposed by the industrial accident.” He awarded TTD benefits from June 9, 1980, to August 20, 1980. This order was not appealed.
As of December 5, 1980, Dr. Pasach thought claimant had reached MMI with no anatomic impairment. It was his opinion that claimant was a malingerer. Apparently based on this opinion, claimant sought psychiatric evaluation on January 8, 1981. Claimant applied for a hearing on the issues of entitlement to TTD or TPD benefits from August 21,1980, until claimant was no longer temporarily disabled and for treatment by a psychiatrist, among other things. On August 18, 1981, claimant filed a petition for modification of the order of December 4, 1980, asserting a change of condition or a mistaken determination of fact regarding claimant’s status as TTD or TPD.
On September 9, 1981, Dr. Sprehe, a psychiatrist, examined claimant.' It was his opinion that claimant was depressed, and that this was due in part to the industrial injury, but that she was hostile to the idea of psychiatric treatment and would not benefit from it, therefore she had reached MMI *1022 from a psychiatric standpoint. Another psychiatrist, Dr. Forman, also examined claimant. He did not think claimant had any psychiatric problems related to the accident.
On January 27, 1982, the deputy entered the order on appeal, finding that claimant had requested a psychiatric evaluation in order to determine whether she was a malingerer as Dr. Pasach suggested, or was suffering a psychiatric injury as a result of the accident. The deputy accepted Dr. Sprehe’s opinion over that of Dr. Forman and found she had a psychiatric injury related to the accident, but was not amenable to treatment and had reached MMI as of September 9,1981. In addition, the deputy found the claim for psychiatric evaluation and treatment to have been reasonable under the circumstances and ordered the E/C to pay for Dr. Sprehe’s evaluation. With regard to TTD benefits, the deputy found:
That the claimant has made a reasonable job search and that, although work was available at the places the claimant contacted or applied, she was unable to obtain employment. I find that the claimant’s job search included a variety of employments which could be considered to be lighter type duty. The Employer/Carrier made no effort to assist the claimant in obtaining employment; Therefore, the undersigned Deputy Commissioner finds that the Order of December 4, 1980 should be modified and that the claimant is entitled to temporary total disability compensation from August 21, 1980 through September 9, 1981, the date she was examined by Daniel J. Sprehe, M.D.
We agree with E/C’s contention that the modification of the December 4, 1980, order with regard to TTD was unjustified. The record does not support an implicit finding of change of condition or mistake of fact with regard to claimant’s status between August 21,1980, and December 4, 1980. Reanalysis of the prior record and a change of conclusions is not a sufficient justification for modification. McKenney v. School Board of Palm Beach County, 408 So.2d 655 (Fla. 1st DCA 1981). Appellee argues that the deputy did not rule on a claim for TTD for the period from August 21, 1980, to December 4, 1980, in the December 4, 1980 order, thus a petition for modification was unnecessary to the award of TTD benefits for that period. This position is unacceptable in light of the findings in that prior order that claimant was entitled to TTD from June 9, 1980, to August 20,1980, was able to return to some form of gainful employment after that date based on Dr. Martinez’s report, but was not entitled to TPD benefits after that date because of an unsuccessful job search. Clearly the deputy ruled on claimants entitlement to any form of temporary disability benefits through the December 4, 1980 order, which was not appealed. See Belle v. General Electric Co., 409 So.2d 182 (Fla. 1st DCA 1982).
The deputy also erred in finding that claimant reached MMI from a psychiatric standpoint on September 9, 1981. “The date of maximum medical improvement marks the end of temporary disability and the beginning of permanent disability. Maximum medical improvement is the date after which recovery or lasting improvement can no longer reasonably be anticipated.” Corral v. McCrory Corp., 228 So.2d 900 (Fla.1969). The reasons given by Dr. Sprehe, and accepted by the deputy, for assigning September 9, 1981, as the date of MMI from a psychiatric condition do not correlate with this definition. Dr. Sprehe merely evaluated claimant’s condition on that date, he did not do anything that could be identified as changing her status from “healing” to “no further improvement reasonably anticipated.” See generally Sunland v. Woods, 413 So.2d 161 (Fla. 1st DCA 1981). Dr. Sprehe’s express reason for assigning September 9, 1981, as the date of MMI was that he did not think claimant would seek psychiatric treatment. At no time did claimant receive treatment for a psychiatric condition. We remand for a redetermination of MMI based on the medical testimony as to the portion of claimant’s injury that was treated and evaluated by Drs. Yamokoski, Pasach, and Martinez.
*1023 Reversal of the determination of the date of MMI necessitates reversal of the award of TTD from December 4, 1980, to September 9, 1981.
We cannot say the deputy erred in ordering E/C to pay for the evaluation by Dr. Sprehe which arguably came about in conjunction with the treatment and evaluation provided by Dr. Pasach. We have not overlooked the line of cases referenced by appellant, including Mariposa, Inc. v. Green, IRC 2-3598 (1978); Rinker Materials Corp. v. Ingraham, IRC 2-3150 (1977); Sunland Training Center v. Turcotte, 9 FCR 159 (1975) and Rippy v. P.C. Martino & Co., 5 FCR 120 (1962).
AFFIRMED in part, REVERSED in part and REMANDED.
LARRY G. SMITH and SHAW, JJ., concur.