PER CURIAM.
In his order dated January 17, 1983, the deputy commissioner found that claimant’s claim was compensable[1] and, among other *991 things, awarded penalties and past[2] and future medical benefits. That order was entered one year and four months following the date of hearing before the deputy commissioner. We reverse in part and affirm in part.
We do not condone the lapse of time between the hearing in this matter and the entry of the order appealed; however, we find that the delay in the context of this case was not prejudicial under the “staleness” concept enunciated by Justice England in his concurring opinion in Scottie-Croft Boat Corporation v. Smith, 336 So.2d 1150 (Fla.1976).
Although we recognize that the order entered by the deputy commissioner is not a model of clarity as pertains to the basis upon which he found the claim com-pensable, we have reviewed the record on appeal and find that there is competent, substantial evidence to support the deputy’s determination of compensability under the exposure theory of accident[3] discussed in Festa v. Teleflex, Inc., 382 So.2d 122 (Fla. 1st DCA 1980). The materials to which claimant was exposed either caused or, at the least, aggravated his condition. Accordingly, the determination of compensa-bility is affirmed.
Two contentions raised by appellants require reversal. First, appellee has conceded on appeal that the award of penalties was error; thus, that award is hereby reversed. Second, that portion of the order requiring the employer/carrier to reimburse the claimant for past medical bills is not supported by competent, substantial evidence because claimant failed to submit medical bills into evidence, apparently due to a misunderstanding between all concerned as to the scope of the hearing. The cause is accordingly remanded to the deputy commissioner to accord the claimant the opportunity to do so. In all other respects, the order appealed is affirmed,
ROBERT P. SMITH, Jr., BOOTH and WIGGINTON JJ. concur

. The deputy commissioner found, in pertinent part, as follows:
I find that the claimant has a permanent partial disability of the body as a whole of fifteen percent attributable only to the aggravation of his pulmonary condition caused by his job. I further find that the claimant, in his job of asbestos installer with the Dade County School Board, was subject to an exposure greater than that to which the ordinary public is subjected and, therefore, he has suffered an occupational disease and is entitled to workers’ compensation benefits. The deputy commissioner ordered, adjudged
and decreed, in pertinent part, that:
The claimant sustained an occupational disease exposure and said last injurious exposure was in July, 1979 with the Dade County School Board and was in the course and scope of employment and is compensable under the law.

. The deputy commissioner ordered the employer/carrier, among other things, to pay the claimant reimbursement for medical bills of Dr. Richard Goodman and Dr. Harvey Fleisher.

. For a claimant to recover under the exposure theory of accident, he must show (1) a prolonged exposure, (2) the cumulative effect of which is injury or aggravation of a preexisting condition, and (3) that he has been subjected to a hazard greater than that to which the general public is exposed.