459 So.2d 421 (1984)
Evelyn MADDOX, Appellant,
v.
RINALDI's EXPRESSWAY LANES and Casualty Reciprocal Exchange, Appellees.
No. AX-475.
District Court of Appeal of Florida, First District.
November 15, 1984.
Rehearing Denied December 13, 1984.
Howard L. Silverstein, Miami, for appellant.
Robert H. Gregory, Miami, for appellees.
PER CURIAM.
The order in this workers' compensation case is reversed, and the cause is remanded for a de novo hearing under the authority of Rappoport v. American Hospital, 406 So.2d 1244 (Fla. 1st DCA 1981).
The claimant testified at a hearing on May 12, 1983; another hearing was held on September 26, 1983. The deputy commissioner's *422 order was entered on February 20, 1984, five months after the final hearing and almost nine months after claimant testified. The entire case was determined based on claimant's credibility. Thus, the deputy had to choose whether to believe claimant's testimony, knowing it was discredited to some extent by the information claimant gave to the hospital staff on admission to the hospital, a difficult decision at best and not one, on the record before us, that could fairly be undertaken many months after the testimony was heard.
The vague, ambiguous, and contradictory order makes it clear that the facts of the case as well as how the claimant presented herself as a witness were not fresh on the deputy's mind when the order was entered. The order is stale and must, in the interest of justice, be vacated and the case remanded for a new hearing.[1]
BOOTH, SMITH and THOMPSON, JJ., concur.
NOTES
[1] Rappoport v. American Hospital, 406 So.2d 1244, 1245 (Fla. 1st DCA 1981):

The credibility of a witness is largely dependent upon her demeanor. It would be difficult for anyone to recall live testimony after seven months and in all probability the decision below was based upon the transcript. In our opinion the interests of justice require a new hearing.