MILLS, Judge.
Fuchs Baking Company and Employers Service Corporation (E/C) appeal from an order awarding Worley compensation and medical benefits, contending that the depu *651 ty commissioner erred when she ruled against the statute of limitations defense, entered her order 290 days after the final hearing, found Worley had not reached MMI and disallowed credit for compensation voluntarily paid. We affirm in part and reverse in part.
During the month of February 1978, Worley was involved in two separate accidents. The first accident, on 16 February 1978, occurred when Worley slipped on a wet kitchen floor during the course of a bread delivery. He sustained some soreness in his back but did not require medical attention or lose time from work. A third-party suit later arose out of this accident, which resulted in a recovery by Worley. The E/C filed a lien in that action and received the sum of $2,500 for compensation they claimed they paid to Worley as a result of that accident.
Worley’s second accident, on 23 February 1978, also took place during a delivery. However, this incident resulted in Worley being admitted to South Miami Hospital where he was diagnosed by Dr. Ehlert, a neurosurgeon, as having a herniated disc.
Worley continued to consult with Dr. Eh-lert and in June of 1978 was informed that he had achieved MMI. Following this, Worley moved to Georgia where he was treated by Dr. Jolley, a neurosurgeon, between October 1978 and July 1979. In contrast to Dr. Ehlert, Dr. Jolley opined that Worley had not reached MMI.
The E/C contend that the injuries for which Worley claims benefits are solely attributable to the accident of 16 February 1978 and, therefore, barred by the applicable statute of limitations. Section 440.-19(2)(a), Florida Statutes (1981), bars a claimant’s right to compensation unless a claim is filed within two years after the injury, except if compensation is paid or medical attention is furnished by the employer, then a claim may be filed within two years of the last payment of compensation or furnishing of the last remedial treatment.
The position taken by the E/C is inconsistent with the position taken by the employer in Worley’s third-party suit and is inconsistent with the testimony of Mr. Wayne Hampton, Vice President of the employer’s servicing agent. It appears from the record that one file was established to cover both accidents. Moreover, the file was given the date of the second accident because the first was not disabling and did not require lost time from work or medical care. We, therefore, uphold the deputy’s ruling against the statute of limitations defense because it was supported by competent substantial evidence.
The detailed order issued by the deputy demonstrates that she was fully aware of the facts of this case and the issues presented by the parties. It does not appear that the E/C were prejudiced by the 260-day delay in entering the final order. The E/C’s argument is without merit.
Worley agrees that the deputy erred by not approving full credit for the voluntary compensation payments mg.de by E/C. The dispute arises from Worley’s request that the lien settlement of $2,500 be offset against such credit. However Worley cites no authority for offset nor have we found authority for this action. The deputy should have given the E/C credit for compensation voluntarily paid but correctly denied the offset.
After considering the conflicting evidence presented, the deputy found that Worley had not reached MMI and that the disability he experienced was caused by the aggravating effects of the second accident.
Dr. Jolley stated that MMI had not been reached. Dr. Ehlert testified that Worley reached MMI on 13 June 1979.
The deputy resolved the dispute and her finding was supported by competent substantial evidence.
We have examined the remaining point urged by the E/C and from our review of the record find it to be without merit.
We reverse and remand that part of the deputy commissioner’s order which denied *652 credit to the E/C for voluntary compensation payments. In all other respects, we affirm.
JOANOS and BARFIELD, JJ., concur.