BARFIELD, Judge.
The employer and carrier (EC) appeal a workers’ compensation order, entered upon the vacation of a prior order and modification of another, earlier order, which finds that claimant has not yet achieved maximum medical improvement (MMI) and awards further orthopedic and neurological *1019 care. We reverse and remand for a new hearing because the order, which is unsupported by competent substantial evidence, was clearly the product of confusion resulting from delay.
Claimant is a 37-year-old woman who was employed by Albertson’s as a seafood manager. On October 13, 1986, she slipped and fell in an accident accepted as compen-sable. On March 23, 1988, the JCC entered an order directing the EC to pay the wage-loss benefits claimed and finding that claimant reached orthopedic MMI on April 21, 1987, with a 5 percent impairment. That order was not appealed.
Claimant then sought, inter alia, permanent and/or temporary disability benefits, rehabilitation, penalties, costs, and interest, as well as a determination that her back and knee injuries were causally related to her compensable accident. The final hearing on this claim was held November 22, 1988. By this time, claimant was being represented by her third attorney. At the hearing the Judge of Compensation Claims (JCC) indicated that he wanted claimant to be evaluated by a particular chiropractor prior to any decision, and an order directing the independent medical examination was entered shortly after the hearing. After the report of the chiropractor was submitted, the JCC’s final order was rendered March 10,1989. The JCC found that claimant was not permanently totally disabled and that she was capable of some type of sedentary employment, and denied her claim for wage-loss benefits. The EC was also ordered to pay certain outstanding medical bills.
On April 3, 1989, claimant’s newly retained attorney, her fourth, filed a motion to vacate the March 10 order and a motion for rehearing. Claimant’s attorney moved to vacate the order so that he would have sufficient time to properly process the contemporaneously filed motion for rehearing. The motion for rehearing was directed to the JCC’s failure to address several issues and asserted that the JCC had misconstrued certain medical testimony. On April 9, 1989, the JCC entered an order vacating the March 10, 1989 order pending a hearing on the motion for rehearing. Thereafter, four hearings were held at which no new evidence was adduced and only argument of counsel was presented. By the time of the last hearing on November 21, 1989, it was apparent that the JCC had become hopelessly confused about the posture of the case as well as the substance of the evidence previously adduced over the past two years. On December 19,1989, the JCC entered an order finding that claimant had not reached MMI and awarding further orthopedic and neurological care. This appeal and cross-appeal followed.
A 392-day delay occurred between the last hearing at which claimant testified on November 22, 1988, and the issuance of the final order December 19, 1989. No error occurred in the JCC’s decision to vacate his March 10, 1989 order, but by November 21, 1989, the JCC was obviously very confused about the case. At this point one year had elapsed since the last merits hearing November 22, 1988. It is true that the 392 days prior to the entry of the order did not pass with total inaction, but the numerous hearings and arguments occurring in the interim served only to obfuscate the issues and confuse everyone, particularly the JCC.
Section 440.25(3)(f), Fla.Stat., requires the JCC to submit a special report to the Chief Judge concerning any contested case not determined within 30 days of the final hearing. The JCC must explain, inter alia, “the reason for such a delay in issuing a final order.” In Scottie-Craft Boat Corp. v. Smith, 336 So.2d 1150 (Fla.1976), the supreme court noted that the statutory language is directory only. A 250-day delay was involved, but the court did not address whether that delay was too long or not, and merely remanded the case to the Industrial Relations Commission for further consideration. In a concurring opinion Justice England explained:
The Commission may, on remand, properly conclude that, in this case, the time delay between the final hearing and the order was so long, and the evidentiary basis for fact findings so dependent upon live testimony, witness demeanor or other hearing-level advantages, that the or *1020 der cannot adequately be tested from the record alone, so that the interests of justice require a new hearing.
Id. at 1151. In Fuchs Baking Co. v. Worley, 465 So.2d 650 (Fla. 1st DCA 1985), this court found a 260-day delay was not prejudicial to the EC because the detailed final order established the deputy commissioner was fully aware of the facts and issues presented. On the other hand, in Rappoport v. American Hospital, 406 So.2d 1244 (Fla. 1st DCA 1981), a 284-day delay was found to be excessive because the chief issue was the credibility of the claimant.
The credibility of a witness is largely dependent upon her demeanor. It would be difficult for anyone to recall live testimony after seven months and in all probability the decision below was based upon the transcript. In our opinion the interests of justice require a new hearing.
Id. at 1245. By the same rationale a 5-month delay warranted reversal in Maddox v. Rinaldi’s Expressway Lanes, 459 So.2d 421 (Fla. 1st DCA 1984), where the entire case was determined based on the claimant’s credibility.
In the instant ease the 392-day period is more than 13 times longer than the 30 days designated as constituting “delay” by § 440.25. The entire case did not hinge on claimant’s testimony or demeanor, but the final order does refer to the JCC’s “personal observation” of claimant and her testimony in its discussion of claimant’s condition. More importantly, the order is not supported by competent substantial evidence. For example, the JCC concluded claimant had not yet reached MMI. This finding contradicts the finding of the unap-pealed March 23, 1988 order that claimant was at orthopedic MMI. Pursuant to § 440.28 the JCC is entitled to modify a previous order on his or her own initiative,, but the modification must be based upon a change in condition or mistake of fact by the JCC. Re-analysis of the prior record and change of conclusions is not a sufficient justification for modification. Everwear Products Co. v. Holloway, 422 So.2d 1020 (Fla. 1st DCA 1982). Only one orthopedist testified, and he unequivocally placed claimant’s orthopedic MMI date at April 21, 1987. Therefore the December 19, 1989 order’s modified award of continuing orthopedic care is improper. Another asserted ground for the JCC’s decision to modify his prior order was his purported mistake in failing to consider the issue of neurological MMI. However the neurological evidence adduced did not relate any of claimant’s abnormal neurological findings to her industrial accident, and further stated that if traumatic neurological damage did exist, it would not be possible at such a late date to determine whether it was caused by the October 13, 1986, industrial accident or by a car accident in which claimant was involved March 26, 1987. Whatever neurological problems claimant may have, there has been no causal relationship established between them and the industrial accident. The fact that she is not at neurological MMI is not a basis for modification of the April 21, 1987 MMI date. There is conflicting evidence as to whether claimant has reached chiropractic MMI, but the JCC does not specifically address this issue. The other asserted basis for the JCC’s decision to modify the prior order was claimant’s change of condition, but neither of the changes discussed: her weight gain and her worsening knee condition, were found to be causally related to her industrial accident by any of the physicians testifying. The modification was not based on any mistake of fact by the JCC or on a change of condition of the claimant. The order goes on to erroneously award benefits (a medically supervised weight loss program) which were never claimed, while denying penalties and interest.
As a result of the lengthy delay the accuracy of the final order was compromised. Accordingly, we reverse and remand for a new hearing.
REVERSED.
SMITH and WIGGINTON, JJ., concur.