PER CURIAM.
The claimant, Stephen W. Taylor, appeals a final compensation order denying benefits. We affirm in part, reverse in part, and remand for further proceedings.
The claimant was involved in a traffic accident on March 12, 1990, while on an errand for the employer, Dick Carroll Goodyear. He was taken to Mease Hospital, where he was x-rayed and released. The claimant experienced back problems and had the first of several office visits with Dr. Beard, a chiropractor, on March 15, 1990. Dr. Beard told him not to return to work. He was scheduled to return to Dr. Beard on Monday, March 26, 1990.
On Saturday, March 24, 1990, the claimant fell from his bicycle and incurred serious injuries. The claimant did not remember falling from his bicycle, but assumed he had blacked out for lack of a better explanation as to the cause of the bicycle accident. The claimant testified that he had “blacked out” for a few seconds at the time of the automobile accident, after his head hit the rear window of the truck he was driving, and that he had experienced a dizzy spell earlier on March 24, 1990, while sailing. The claimant asserted that the loss of consciousness while riding his bicycle was due to the initial injuries sustained in the industrial accident on March 12, 1990.
The claimant sought temporary, total disability (TTD) from March 25, 1990 through October 22, 1990, payment of outstanding medical bills, and continued treatment by Dr. Beard. The employer and carrier (E/C) defended on the ground that the claimant’s continuing injuries and disability were not the result of the March 12, 1990 industrial accident, but were instead the result of the subsequent intervening bicycle accident which was not compensable. The E/C also argued that the claimant was not entitled to receive TTD benefits because he had been released to work, full duty, on March 26, 1990 and that Dr. Beard was not an authorized treating physician.
The judge of compensation claims (JCC) issued an order denying benefits. The JCC concluded that the claimant’s syncopal episodes and other current physical problems are not related to the March 12, 1990 accident, citing the opinion of Dr. Greenberg. The JCC noted that Dr. Beard would have released the claimant to return to work on March 26, 1990 but for the unrelated intervening bicycle accident and that the claimant failed to establish that he conducted a good faith job search from that time to the present. The JCC also accepted the opinion of Dr. Greenberg that future chiropractic care is not medically reasonable or necessary.
We reject the claimant’s argument that the compensation order must be reversed because the JCC erred by not entering an order until more than one year after the hearing, greatly exceeding the 30 days set forth in section 440.25(3)(d), Florida Statutes. “[Rjeversal for a de novo hearing is ordinarily required only if the factual findings in the order were primarily dependent on the superior vantage point of the trier of fact, for example, when an issue is determined solely on a claimant’s credibility.” Parker v. Sugar Cane Growers Co-op, 595 So.2d 1022, 1023 (Fla. 1st DCA 1992). Re *1224 versal for a de novo hearing may be required when “the time delay between the final hearing and the order was so long, and the evidentiary basis for fact findings so dependent upon live testimony, witness demeanor or other hearing-level advantages, that the order cannot adequately be tested from the record alone, so that the interests of justice require a new hearing.” Albertson’s, Inc. v. Walter, 570 So.2d 1018, 1019-20 (Fla. 1st DCA 1990), quoting Scottie-Craft Boat Corp. v. Smith, 336 So.2d 1150, 1151 (Fla.1976) (England, J., concurring).
Although the order in the present case was issued approximately one year after the hearing, the claimant was the only witness to testify at the hearing. The depositions of Dr. Greenberg and Dr. Beard were introduced into evidence. The order does not appear to hinge on the credibility of the claimant but, instead, on the opinions of the neurologist and the chiropractor.
The claimant asserted in a motion for rehearing that he had placed a newspaper advertisement asking any other person who had a claim pending before this particular JCC for more than six months to contact him. The motion also asserted that the chief judge of compensation claims was aware of the newspaper ad, which ran approximately two months prior to the issuance of the order on appeal. The motion for rehearing was filed after the notice of appeal, however, and this Court declined to relinquish jurisdiction. We note, also, that during the year after the hearing, the claimant did not file any type of motion requesting recusal of the JCC or issuance of an order.
We affirm the denial of compensation benefits. The finding by the JCC that the bicycle accident was not causally related to the March 12, 1990 industrial accident is supported by competent, substantial evidence. The claimant was unable to recall the circumstances causing the bicycle accident. Dr. Greenberg, a neurologist, stated that an electroencephalogram was interpreted as being normal and an MRI of the brain was without abnormality. He found nothing to suggest any prodrome for a temporal lobe seizure. As the JCC noted, “Dr. Greenberg opined that there were a number of possible causes and that the bicycle accident on March 24, 1990 was an unexplained event with no evidence of syncopal causality.”
Dr. Greenberg first examined the claimant on April 19, 1990. At that time, he released the claimant to return to work. As the JCC noted in the order:
From April, 1990 through March, 1991 the Claimant admitted that he did not conduct a good faith job search during this time. Claimant testified that he took out various loans and sold several personal items in addition to attempting to engage in “horse trading” and classic car repairs .... In March, 1991 the Claimant began his own business, called Terra Tanks, in which the claimant built aquarium tanks and sold them to various pet shops in the area on a consignment basis.
Accordingly, competent substantial evidence also supports the finding that the claimant has set upon a course of self employment and voluntarily taken himself out of the employment market.
We reverse the finding that the claimant’s “other current physical problems are not related to the injuries sustained by the claimant in his industrial accident of March 12, 1990.” This finding is not supported by competent substantial evidence. The JCC cited the opinion of Dr. Greenberg in support of this determination. Dr. Greenberg did not see the claimant until approximately one month after the'bicycle accident. Dr. Greenberg was not asked if any of the low back pain could be attributed to the industrial accident or if all of the low back pain was a result of the bicycle accident.
The claimant’s primary current complaint is low back pain. The claimant testified that his low back complaints were no different after the bicycle accident than before. Dr. Beard testified that the claimant continued to have low back pain the last time he saw him prior to the bicycle accident and that the bicycle accident aggravated the low back problem, but he could not apportion between the two accidents. Dr. Beard also stated that the treatments subsequent to the bicycle accident through October 22, 1990 were reasonable and necessary as a result of the *1225 original industrial accident and that the claimant should have treatment after October 22, 1990. We therefore remand for further findings regarding whether any of the claimant’s low back pain is related to the March 12, 1990 industrial accident, and, if so, payment of medical bills, including those for chiropractic treatments, incurred subsequent to the bicycle accident which were necessary due to the industrial accident.
Further findings are also necessary regarding authorization of future chiropractic treatment. This Court has recognized that a physician may render an opinion on the advisability or necessity of chiropractic treatment, if the physician is sufficiently informed of what treatment modality will be employed by the chiropractor. See Alford v. G. Pierce Woods Memorial Hospital, 621 So.2d 1380 (Fla. 1st DCA 1993). In Alford, it was noted that there could be little question regarding the orthopedic surgeon’s qualifications to offer opinion as to the likely effect of unusual or abnormal movement of the spine upon one suffering from arthritis in the spine. In the present case, Dr. Greenberg, a neurologist, testified that his recommendation would be to hold off on the chiropractic treatments because the claimant’s symptoms seemed to intensify. Dr. Greenberg also testified, however, that he did not know the sort of treatment the chiropractor was providing.
Finally, we reverse the denial of payment of the outstanding medical bill of Mease Hospital. The JCC erroneously noted in the findings of fact that the claimant was seen at the Morton Plant Hospital emergency room on March- 12, 1990. The record, however, indicates that the claimant was taken to Mease Hospital by ambulance after the automobile accident. We remand for further findings regarding payment of Mease Hospital.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BOOTH, BARFIELD and ALLEN, JJ., concur.