677 So.2d 1310 (1996)
Enrique H. PALMIERI, Jr., Appellant,
v.
NAACO and American Policyholders Ins. Co., Appellees.
No. 95-1761.
District Court of Appeal of Florida, First District.
July 29, 1996.
Rehearing Denied September 5, 1996.
Enrique Escarraz, III, and James Breslin, St. Petersburg, for appellant.
Edwin J. Bradley, and Kenneth L. Olsen, Miller and Olsen, Tampa, for appellees.
KAHN, Judge.
In this workers' compensation case, appellant asserts that the judge of compensation claims (JCC) erred in entering a stale order. Because the claimant's credibility was critical to the outcome, the excessive delay between the hearing and the entry of the order requires reversal for a new hearing.
The claimant, Enrico Palmieri, Jr., alleged that he suffered an injury to his lower back on April 27, 1989, while working nights for the employer, NAACO, an asbestos removing firm. On April 28, 1989, Palmieri went to the emergency room at Mease Hospital Countryside. The history he gave to the emergency room nurse indicated that he "noticed some pain" in his right buttock that morning when he was getting off work. He indicated that he worked as a supervisor and did not do heavy lifting. Palmieri also denied having had any previous back injury. He gave the same history to the emergency room physician.
Palmieri was admitted to the hospital under the care of Dr. Oscar Tanaka, an orthopedic surgeon. Palmieri also told Dr. Tanaka that he did not do heavy lifting and that he had no history of trauma or previous back pain. Palmieri underwent back surgery on May 5, 1989, and was discharged May 8, 1989. A notice of injury dated May 9, 1989, contains the following description of the accident: "I was restacking rolls of clear poly when I started to feel a little sharp pains [sic] in my lower back."
Palmieri continued to see Dr. Tanaka as well as other physicians including Dr. Bernard Macik, a neurologist, and Dr. Chester Sutterlin, an orthopedic surgeon specializing in spinal surgery. Palmieri subsequently underwent two additional back surgeries, performed by Dr. Sutterlin, on April 24, 1990, and January 22, 1991. The E/C paid all medical bills attributable to this care and treatment, as well as indemnity benefits through mid-February 1993.
In a letter to Dr. Sutterlin dated February 25, 1993, the E/C's attorney indicated that the E/C would not authorize any additional surgical care or medical care and would not continue to pay indemnity benefits. On March 8, 1993, Palmieri filed a Claim for Benefits indicating that the carrier had terminated *1311 indemnity benefits and discontinued medical care.
A final hearing took place before the JCC on March 4, 1994. Palmieri testified live and the E/C introduced into evidence two depositions containing Palmieri's testimony. In his testimony, Palmieri asserted that he was injured at work on April 27, 1989, when he picked up a roll of poly that weighed between 50 and 70 pounds. Palmieri testified that no one saw this accident. At the hearing, Palmieri admitted that he had suffered an earlier industrial injury to his back for which he received medical treatment. The E/C also introduced into evidence an emergency room report dated May 1, 1987, indicating that Palmieri had suffered a back injury. In one of his depositions, taken November 18, 1991, and according to the medical records and deposition testimony of the medical personal, Palmieri denied having had any previous back injury.
In the final order entered April 13, 1995, the JCC found that Palmieri did not injure his low back due to a lifting episode at work on April 27, 1989, and specifically found that "his eventual description of a lifting episode at work in which he injured his low back amounts to a concoction." The JCC therefore denied Palmieri's claim.
As demonstrated by the facts set forth above, Palmieri's credibility was the chief issue at the hearing before the JCC, and the sole issue upon which the JCC denied the claim. Accordingly, the 13-month delay between the hearing and the entry of the order is excessive and requires reversal for a new hearing. Indeed, under similar circumstances, this court has reversed and remanded a JCC's order for a de novo hearing:
[I]n this case there was a 284 day interval between the hearing and entry of an order. In a case like this, where the chief issue is the credibility of the claimant, we feel that the delay was excessive.... The credibility of a witness is largely dependent upon her demeanor. It would be difficult for anyone to recall live testimony after seven months and in all probability the decision below was based upon the transcript. In our opinion the interests of justice require a new hearing.
Rappoport v. American Hosp., 406 So.2d 1244, 1244-45 (Fla. 1st DCA 1981), review denied, 413 So.2d 875 (Fla.1982); see also Harrington v. Vida Appliance Corp., 542 So.2d 1006, 1007 (Fla. 1st DCA 1988) (order reversed and remanded for de novo hearing where JCC entered order 245 days after hearing and testimony of live witnesses was critical to outcome); Maddox v. Rinaldi's Expressway Lanes, 459 So.2d 421, 421-22 (Fla. 1st DCA 1984) (new hearing required "in the interest of justice" where deputy entered order five months after final hearing and nine months after claimant testified and entire case was determined based on claimant's credibility).
Moreover, in this case, Palmieri for years had no reason to expect that the E/C would question his credibility. The E/C paid all medical bills as well as indemnity benefits for almost four years following the injury. The medical records sent to the E/C during that time, and presumably relied upon by the E/C in making payment, were the same records introduced at the hearing as impeachment material and support for the assertion that Palmieri was not injured on the job. The E/C also used Palmieri's denial of a prior back injury to impeach his credibility. Palmieri testified at the hearing that he did visit the emergency room in 1987 complaining of back pain; however, Palmieri indicated that he did not miss any work because of this injury and nothing in the record describes the extent of this injury. Thus, we do not find sufficient independent evidence on the credibility issue to overcome the staleness of Palmieri's live testimony.
REVERSED and REMANDED for a new hearing.
BARFIELD, C.J., and DAVIS, J., concur.