PER CURIAM.
In this workers’ compensation case, the self-insured employer appeals, and the claimant cross-appeals. Having carefully considered the plethora of issues raised, we reverse that portion of the order which directs the employer to pay for medical services provided by Dr. Abeckjerr from the date of the accident until February 14, 1997, because we conclude that it was an abuse of discretion to excuse the doctor’s failure to comply with the requirements of section 440.13(3)(a) and (4)(a), Florida Statutes (1995). (Section 440.13(2)(c) provides authority for that portion of the order which directs the employer to pay for services provided by the doctor from February 14, 1997, to the date of maximum medical improvement.) We also reverse that portion of the order which directs the employer to pay for future medical care, and remand for further consideration of whether the November 11, 1995, accident was the “major contributing cause” of the need for future treatment, in light of our recent decision in Closet Maid v. Sykes, 25 Fla. L. Weekly D459, — So.2d -, 2000 WL 155878 (Fla. 1st DCA Feb. 15, 2000) (en banc). In all other respects, we affirm.
Affirmed in part; reversed IN PART; and REMANDED, with directions.
KAHN,-WEBSTER and PADOVANO, JJ., CONCUR.