PER CURIAM
When this case was last before us, we remanded for reconsideration in light of Closet Maid v. Sykes, 763 So.2d 377 (Fla. 1st DCA 2000) (en banc). See Miami-Dade County v. Mitchell, 754 So.2d 773, 774 (Fla. 1st DCA 2000). On remand, a successor judge of compensation claims reviewed the written record and entered the order now under review. Claimant contends that she should have been allowed to testify in person before the judge of compensation claims since the order denying her claim reflects that the judge of compensation claims did not credit her hearing testimony. See Greenwell v. Bellsouth Telecomms., 732 So.2d 333, 333 (Fla. 1st DCA 1998); Palmieri v. NAACO, 677 So.2d 1310, 1311 (Fla. 1st DCA 1996); Harrington v. Vida Appliance Corp., 542 So.2d 1006, 1007 (Fla. 1st DCA 1988); Maddox v. Rinaldi’s Expressway Lanes, 459 So.2d 421, 422 & n. 1 (Fla. 1st DCA 1984); Rappoport v. American Hosp., 406 So.2d 1244, 1245 (Fla. 1st DCA 1981). See also Frazier v. Bay County, 781 So.2d 464, 464 (Fla. 1st DCA 2001); Hatcher v. St. Joe Paper Co., 608 So.2d 65, 66 (Fla. 1st DCA 1992); Carr v. Byers, 578 So.2d 347, 347-48 & nn. 1-2 (Fla. 1st DCA 1991); Reaves v. Reaves, 546 So.2d 744, 745 (Fla. 2d DCA 1989); Anders v. Anders, 376 So.2d 439, 440 (Fla. 1st DCA 1979). Particularly since the record contained only a summary of the testimony adduced at the original hearing, we are constrained to reverse. On remand, the judge of compensation claims shall afford claimant an opportunity to testify in person.
REVERSED and REMANDED.
BENTON, VAN NORTWICK, and LEWIS, JJ., CONCUR.