PER CURIAM.
This case has been before this court twice before. See Miami-Dade County v. Mitchell, 754 So.2d 773, 774 (Fla. 1st DCA 2000) (remanding for reconsideration in light of Closet Maid v. Sykes, 763 So.2d 377 (Fla. 1st DCA 2000)(en banc), to determine whether the workplace accident was the major contributing cause of the claimant’s need for future medical treatment)(“Mitchell I”); Mitchell v. Metro Dade, 797 So.2d 10 (Fla. 1st DCA 2001)(re-manding for the Judge of Compensation Claims (“JCC”) to afford claimant an opportunity to testify in person)(“Mitchell II”). In Mitchell II, the claimant appealed the JCC’s denial of her claim for future medical benefits. The JCC’s denial was based on a determination that the workplace accident was not the major contributing cause of the need for future medical treatment.
Just before the hearing on remand after Mitchell II was to begin, the claimant dismissed her claim without prejudice. The claimant alleges this action deprived the JCC of jurisdiction to take any further action on her claim. Appellant argues that claimant’s voluntary dismissal of her petition was untimely. We agree with Appellant and reverse.
A claim or petition may be dismissed by the claimant or petitioner without an order by filing a notice or stipulation of voluntary dismissal at any time before the final hearing begins, or during the final hearing before the claimant rests. Fla. R. Work. Comp. P. 4.075(d). The final hearing began and claimant rested her case when it was tried before Mitchell I. Therefore, claimant’s voluntary dismissal is not timely.
To allow claimant to take a voluntary dismissal after remand, under the circumstances of this case, would allow the claimant the benefit of 20/20 hindsight, a benefit not afforded to other claimants or contemplated by the rule. See Middlebrooks v. St. Johns Water Management District, 529 So.2d 1167, 1169-70 (Fla. 5th DCA 1988)(holding that withdrawal of application for a consumptive use permit was not timely under the voluntary dismissal rule, and would “afford him the advantage of 20/20 hindsight” that no other party under the rule is allowed to have).
Because the claimant’s voluntary dismissal is not timely, and therefore is ineffective, we remand to the JCC to afford the claimant an opportunity to testify in person according to Mitchell II.
REVERSED AND REMANDED.
BARFIELD, MINER and POLSTON, JJ., concur.