911 So.2d 854 (2005)
POLK COUNTY BOARD OF COUNTY COMMISSIONERS/Polk General Hospital and Commercial Risk Management, Appellants,
v.
Zola Anne ROSS, Appellee.
No. 1D04-3067.
District Court of Appeal of Florida, First District.
September 22, 2005.
Thomas P. Vecchio of Ross, Vecchio & Trussell, P.A., Lakeland, for Appellants.
Bill McCabe, Esquire, Longwood; Gerald A. Rosenthal, Esquire, Palm Beach, for Appellee.
*855 PER CURIAM.
Appellants employer/carrier ("E/C") appeal an order of the judge of compensation claims ("JCC"), finding that appellee claimant timely reported the industrial accident in which she contracted Hepatitis C and that the E/C was responsible for the claimant's disease. We affirm.

I.
The claimant's employment ended in 1994 and she filed a Petition for Benefits on April 3, 2002. The E/C contended that the claimant knew as early as 1995 that she was infected. The claimant responded that she notified the E/C within thirty days of obtaining a medical opinion concerning a causal connection between her disease and her employment.
The E/C argues on appeal that the JCC erred in (1) finding that the claimant reported her industrial accident in a timely manner under section 440.185, Florida Statutes because the claimant waited two years after her disability began to report it, (2) finding the claimant's testimony to be credible where there were inconsistencies in her testimony, and (3) rendering its final order five months after the final hearing because the evidence had become stale as discussed in Palmieri v. NAACO, 677 So.2d 1310 (Fla. 1st DCA 1996), and Marley Roof Tiles v. Smarr, 672 So.2d 633 (Fla. 1st DCA 1996).
The claimant argues in response that (1) the claimant notified the E/C of her occupational accident in a timely manner after discovering the cause of her illness as required under section 440.185(1)(b), Florida Statutes, (2) the E/C did not preserve its argument as to credibility and the trial court's findings as to credibility were proper under the evidence, and (3) the E/C did not preserve its argument as to the timing of the order and the order was not stale, citing Liberty Mutual Insurance Co. v. Fuchs Baking Co., 577 So.2d 603 (Fla. 1st DCA 1991).

II.
Section 440.185(1), Florida Statutes (2000), requires a claimant to report an injury within thirty days after the date of, or the initial manifestation of an injury. Section 440.151(6) extends the period of time to report an occupational disease to ninety days. Section 440.185(1)(b) further provides that failure to advise an employer of an injury within thirty days after the date or initial manifestation of the injury does not bar a petition for benefits if:
The cause of the injury could not be identified without a medical opinion and the employee advised the employer within 30 days after obtaining a medical opinion indicating that the injury arose out of and in the course of employment;
(Emphasis added).
The parties agree that whether the cause of the injury could be identified without a medical opinion is a factual determination. We find competent substantial evidence in the record to support the JCC's factual finding that the claimant gave timely notice because "there was no medical causation prior to the date [April 12, 2003] that Dr. Rothstein, an expert Hepatologist in this matter, that gave the claimant a clear and definitive opinion as to the cause and factors of her disease."
We find no error in the JCC's order regarding the claimant's credibility and agree with the claimant that the E/C failed to preserve their argument that the order is stale. See Rivendell of Ft. Walton v. Petway, 833 So.2d 292, 295 (Fla. 1st DCA 2002) (stating that "[t]he issue of the staleness of the order was not raised below *856 and, thus, was not preserved for appellate review").
AFFIRMED.
KAHN, C.J., DAVIS and POLSTON, JJ., concur.