971 So.2d 261 (2008)
William C. LUEDKE, Appellant,
v.
PLAY SPACE SERVICES and Pinnacle Assurance Corporation, Appellees.
No. 1D06-6267.
District Court of Appeal of Florida, First District.
January 7, 2008.
*262 Merette L. Oweis of Smith, Feddeler, Smith & Miles, P.A., Lakeland, Susan W. Fox of Fox & Loquasto, P.A., Tampa and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellant.
Daniel T. Jaffe of Rissman, Barrett, Hurt, Donahue & McLain, P.A., Tampa, for Appellees.
PER CURIAM.
"We find the denial of PTD [permanent total disability] benefits is supported by competent and substantial evidence, and thus we affirm that denial. See Chavarria v. Selugal Clothing, Inc., 840 So.2d 1071 (Fla. 1st DCA 2003)." McCurdy v. City of Hialeah, 949 So.2d 1140, 1141 (Fla. 1st DCA 2007). At issue below was whether "[t]he cause of the injury could not be identified without a medical opinion." § 440.185(1)(b), Fla. Stat. (2004). "The parties agree that whether the cause of the injury could be identified without a medical opinion is a factual determination." Polk County Bd. of County Comm'rs v. Ross, 911 So.2d 854, 855 (Fla. 1st DCA 2005).
In finding that the cause of Mr. Luedke's injury could be identified without a medical opinion, the judge of compensation claims noted that Mr. Luedke admitted that, earlier in his employment with the employer, when he had pain in his neck after putting in a full day of work, he associated the pain with the work he had done that day. The judge of compensation claims concluded that claimant's testimony, "taken as a whole, is that he was having intermittent neck and upper extremity symptoms, which varied with the amount and type of work he performed."
The judge of compensation claims rejected the claimant's assertion that he did not know his neck and upper extremities hurt or were injured as a result of work activities. This was a credibility determination within the judge's province. The finding that pain in the neck of the kind described by the claimant was directly recognizable, even to a lay person, as related to heavy work activity is supported by the record. Claimant presented no evidence that the type of symptoms he suffered could have been a result of his spina bifida condition or that he suffered from any other condition that required a medical opinion to ascertain whether the work caused his neck pain.
Affirmed.
BARFIELD and BENTON, JJ., concur; BROWNING, C.J., dissents with separate opinion.
BROWNING, C.J., dissenting.
I would reverse, and I accordingly dissent.

Background
The facts that show the JCC erroneously failed to properly apply the "medical opinion" exception provided by Section 440.185(1)(b), Florida Statutes (2003), to Appellant's failure to report his industrial injury within 30 days from its occurrence are rather complex. Appellant has suffered from spina bifida since birth. This *263 disease, after moderate exertion, often caused Appellant nonpermanent symptoms that ceased upon rest after the exertion without medical intervention. When Appellant suffered his industrial accident here, he thought his symptoms, which were quite similar to those he often experienced from his spina bifida, were a result of such malady, and failed to seek medical attention until 35 days after the industrial accident. At treatment, he was advised by his treating physician that his condition was not spina bifida, but accidental in nature. On these facts, the JCC reversibly erred by denying Appellant benefits for failure to report his industrial accident within 30 days from its occurrence. See § 440.185(1)(b) Fla. Stat. (2003).

Analysis
I agree with Appellant that the JCC placed an erroneous burden on Appellant by requiring him to "prove that the Appellant did not know his injury was caused by the employment." The standard that the JCC should have applied was whether Appellant knew or should have known, as a reasonable person, the nature, seriousness and probable compensable character of his injury. Slater v. United Parcel Serv., 507 So.2d 1146, 1148 (Fla. 1st DCA 1987) (quoting 3 Larson, Workmen's Compensation Law, § 78.41(a) (1987)); see also Herb's Exxon v. Whatmough, 487 So.2d 1169, 1171-72 (Fla. 1st DCA 1986) (applying Larson's "reasonable person" test). Had the correct test been applied, it seems inconceivable to me that the facts here would not impel a finding that Appellant was entitled to the "medical opinion" exemption under section 440.185(1)(b), Florida Statutes (2003).
Moreover, even assuming arguendo that the JCC applied the correct standard, reversible error is still presented. The JCC concluded: "Medical records that [Claimant's] spina bifida had long affected his lower spine and not his neck make it even less reasonable to accept that the claimant attributed cervical and upper extremity condition to that condition." This finding is clearly contrary to the record that contains several references to Appellant's long-standing cervical condition that was caused by his spina bifida. A finding that is premised on the nonexistence of record medical evidence, unlike evidence not believed by a JCC, or conflicting evidence resolved by the JCC, that is refuted by the existence of record evidence does not and cannot constitute competent substantial evidence.
For these reasons, I would reverse and remand for further proceedings, consistent with this dissent, and not deny this Appellant his benefits because he was five days late in reporting an injury that clearly necessitated a medical opinion before Appellant could appreciate the extent of his injuries, when measured by the objective standard of a reasonable person in similar circumstances.