606 So.2d 450 (1992)
CITY OF PORT SAINT LUCIE and Tri-County Insurance Council, Appellants,
v.
Lillian CHAMBERS, Appellee.
No. 91-02612.
District Court of Appeal of Florida, First District.
October 5, 1992.
Rehearing Denied November 17, 1992.
James T. Walker of Brennan, Hayskar, Jefferson & Gorman, P.A., Fort Pierce, for appellants.
Jerold Feuer, Miami, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a final order awarding an increase in claimant's average weekly wage (AWW) based on concurrent employment. The sole issue on appeal is whether claimant was an employee of The Palm Beach Post (the Post).
On July 6, 1989, claimant was injured in a work-related accident while working as a camp counselor with the City of Port St. Lucie. Concurrently, claimant delivered newspapers for the Post. The Post classified claimant as an independent contractor, and she signed an independent contractor agreement. Under the terms of the contract, the newspaper carrier determines the method of delivery, the means of conveyance, provides her own transportation, provides her own vehicular insurance, furnishes a security bond, and furnishes a substitute carrier of the designated carrier's choice in case of absence. The newspaper carrier does not receive the same benefits *451 and is not subjected to the same withholdings as employees of the paper.
Claimant testified that she was given an established paper route by the Post and obtained all her customers from the Post. Claimant was supplied a daily customer list from the Post to determine who would receive the paper on a particular day. Claimant picked up the papers at the Post's warehouse before 4:00 a.m. and delivered the papers before 6:30 a.m. Claimant provided her own transportation and operating costs of her vehicle and was paid 15 cents per daily paper and 45 cents per Sunday paper delivered. No social security or federal taxes were withheld from her check.
Although wages from concurrent employment are generally included in AWW calculations, the exclusion of independent contractors from the definition of employees in section 440.02(13)(d)1, Florida Statutes (1989), dictates that earnings of an independent contractor are excluded from AWW calculations. Edwards v. Caulfield, 560 So.2d 364 (Fla. 1st DCA 1990).
Under similar factual circumstances, the courts of this state have held that newspaper carriers are independent contractors. See Florida Publishing Co. v. Lourcey, 141 Fla. 767, 193 So. 847 (Fla. 1940); Miami Herald Publishing Co. v. Kendall, 88 So.2d 276 (Fla. 1956); Walker v. Palm Beach Newspapers, Inc., 561 So.2d 1198 (Fla. 5th DCA 1990), dismissed, 576 So.2d 294 (Fla. 1990); Parker v. Sugar Cane Growers Co-op, 595 So.2d 1022 (Fla. 1st DCA 1992); Hopkins v. Department of Transportation, 596 So.2d 680 (Fla. 1st DCA 1991). Although some of the foregoing cases are civil tort actions, we find no basis for distinguishing between workers' compensation and civil cases when determining whether a person is an independent contractor or an employee.
Accordingly, we hold that claimant was an independent contractor for purposes of workers' compensation benefits. We must reverse and remand for proceedings consistent herewith.
SMITH, J., concurs.
BARFIELD, J., concurs with written opinion.
BARFIELD, J., concurring.
I agree that the result reached by the majority is mandated by the decisions cited in the majority opinion. Were it not for those decisions which appear to exclude newspaper carriers as a class from being employees, I would conclude that they must be evaluated individually under the test for independent contractors. When viewed realistically the only things that the newspaper carriers do of their own volition under these facts are provide their means of transportation and find replacements to deliver their papers on the days that they are unable to do so. The notion that the carrier is somehow independent by determining methods of delivery, means of conveyance and type of transportation is like calling a carpenter an independent contractor because he brings his own hammer to work and drives the nails with his left hand rather than his right.
I agree with the majority that the concept of independent contractor should not vary from one legal discipline to another. I do find fault with the historical exclusion of newspaper carriers as a class from coverage as employees. Since the supreme court has chosen to define these identical characteristics as those of an independent contractor, we have no choice but to adhere to that precedent. Perhaps it warrants reconsideration by those that created the class.