622 So.2d 1368 (1993)
FORT PIERCE TRIBUNE and Claims Center, Appellants,
v.
Beverly WILLIAMS, Appellee.
No. 91-4018.
District Court of Appeal of Florida, First District.
August 30, 1993.
Paul L. Westcott of Rissman, Weisberg, Barrett & Hurt, P.A., Vero Beach, for appellants.
Jerold Feuer, Miami, for appellee.
ERVIN, Judge.
The employer and its insurance carrier, Fort Pierce Tribune and Claims Center, appeal an award of compensation benefits based upon the finding of the judge of compensation claims that appellee, Beverly Williams, a newspaper carrier for the Fort Pierce Tribune, was an employee, rather than an independent contractor, thereby allowing her injury to be found compensable. We consider the facts of this case to be nearly indistinguishable from those in City of Port St. Lucie v. Chambers, 606 So.2d 450 (Fla. 1st DCA 1992), review denied, 618 So.2d 208 (Fla. 1993), and therefore reverse and remand for further proceedings consistent with that opinion.
Although we are constrained to reverse, we are aware that there is considerable authority for deciding that the status of independent contractors within the context of workers' compensation proceedings is different from such status when determining the existence of vicarious liability in tort cases. See, e.g., Levine v. The Miami Herald, 7 F.C.R. 278 (Indus. Relations Comm'n 1973), cert. denied, 280 So.2d 682 (Fla. 1973); Jones v. Aldrich Co., 188 Ga. App. 581, 373 S.E.2d 649 (1988); Beard v. Brown, 616 P.2d 726 (Wyo. 1980); 1B Arthur Larson, The Law of Workmen's Compensation § 43.42 (1993).
We also note Judge Barfield's concurring opinion in Chambers, and Judge Sharp's special concurrence in Walker v. Palm Beach Newspapers, Inc., 561 So.2d 1198 (Fla. 5th DCA), appeal dismissed, 576 So.2d 294 (Fla. 1990), and, similar to the Fifth District in Walker, we certify the following question to the Florida Supreme Court as one of great public importance:
WHETHER, IN LIGHT OF THE EVOLVING BUSINESS RELATIONSHIP BETWEEN NEWSPAPER PUBLISHERS AND PERSONS DELIVERING NEWSPAPERS, THE HOLDING IN MIAMI HERALD PUBLISHING CO. V. KENDALL, 88 So.2d 276 (FLA. 1956), REMAINS VIABLE?
If the above question is answered in the affirmative, we certify the following as an additional question of great public importance:
IF THE DECISION IN MIAMI HERALD REMAINS VIABLE, IS ITS APPLICATION LIMITED TO TORT ACTIONS FOR DAMAGES, OR DOES IT EXTEND AS WELL TO WORKERS' COMPENSATION CASES?
REVERSED and REMANDED.
MINER, J., and SHIVERS, Senior Judge, concur.