631 So.2d 333 (1994)
Stephen KEITH, Appellant,
v.
NEWS & SUN SENTINEL and Crawford and Company, Appellees.
No. 92-3037.
District Court of Appeal of Florida, First District.
February 1, 1994.
*334 Howard S. Grossman of Howard S. Grossman, P.A., Boca Raton, for appellant.
Howard P. Massey, III, and Edward D. Schuster of Pyszka, Kessler, Massey, Weldon, Catri, Holton & Douberley, P.A., Ft. Lauderdale, for appellees.
BENTON, Judge.
This appeal presents the question whether a newspaper vendor should be viewed as an employee of the newspaper's publisher for purposes of the Workers' Compensation Law, Section 440.01 et seq., Florida Statutes (1993). In keeping with long-standing precedent, notably Miami Herald Publishing Co. v. Kendall, 88 So.2d 276 (Fla. 1956); but see Miami Herald Publishing Co. v. Hatch, 617 So.2d 380 (Fla. 1st DCA 1993), the judge of compensation claims found that recitals in the contract between the publisher and its "delivery agent," the individual who recruited and supervised Mr. Keith, insulated the publisher and its insurance carrier from liability on account of the street vendor's injuries. A car hit the appellant while he was hawking the Sun Sentinel at his assigned corner.
This court's recent decision in Fort Pierce Tribune v. Williams, 622 So.2d 1368 (Fla. 1st DCA 1993) rev. pndg. sub nom. Williams v. Fort Pierce Tribune Co., No. 82,409 (Fla.; pet. filed Sept. 23, 1993), reversed an order entered by a judge of compensation claims that treated a newspaper carrier as an employee of the publisher. In deciding the Fort Pierce Tribune case, a different panel of this court certified to the Supreme Court of Florida as a question of great public importance the following:
WHETHER, IN LIGHT OF THE EVOLVING BUSINESS RELATIONSHIP BETWEEN NEWSPAPER PUBLISHERS AND PERSONS DELIVERING NEWSPAPERS, THE HOLDING IN MIAMI HERALD PUBLISHING CO. V. KENDALL, 88 So.2d 276 (FLA. 1956), REMAINS VIABLE?
622 So.2d at 1368. The instant case presents the same question, albeit on different facts. In the event the Supreme Court exercises its discretion to address the question certified in the Fort Pierce Tribune case, its decision may well be dispositive of the parties' contentions in the present case. Accordingly, we also certify as a question of great public importance the question set out above.
Under existing decisions, however, our duty, as we understand it, is to uphold the order under review. The order is, therefore,
AFFIRMED.
ERVIN and BARFIELD, JJ., concur.