ERVIN, Judge.
This case is before us following the Florida Supreme Court’s remand in Williams v. Fort Pierce Tribune, 667 So.2d 174 (Fla.1995), for further proceedings consistent with its opinion. In this court’s earlier decision in Fort Pierce Tribune v. Williams, 622 So.2d 1368 (Fla. 1st DCA 1993), we reversed an order awarding benefits based upon a finding by the judge of compensation claims that the claimant, Beverly Williams, a newspaper carrier, was an employee of the appellant newspaper, rather than an independent contractor. In so deciding, we relied on City of Port St. Lucie v. Chambers, 606 So.2d 450 (Fla. 1st DCA 1992), review denied, 618 So.2d 208 (Fla.1993), which in turn cited with approval the holding in Miami Herald Publishing Co. v. Kendall, 88 So.2d 276 (Fla.1956), applying the factors set forth in Restatement (Second) of Agency § 220(2) (1958). In reaching our decision, we certified as well two questions to the supreme court as to the continuing viability of Kendall and its application to workers’ compensation cases. The supreme court answered the two certified questions in the affirmative in Williams v. Fort Pierce Tribune.
We reaffirm our earlier decision to reverse the award based on the continuing viability of Kendall and the Restatement factors, because the judge’s finding of an employee status is not supported by competent, substantial evidence. See Keith v. News & Sun Sentinel Co., 659 So.2d 1074 (Fla.1995); Kendall; Chambers; and Walker v. Palm Beach Newspapers, Inc., 561 So.2d 1198 (Fla. 5th DCA), appeal dismissed, 576 So.2d 294 (Fla. 1990).
REVERSED and REMANDED for further proceedings consistent with this opinion.
MINER, J., and SHIVERS, Senior Judge, concur.